# HEADNOTE CASES

## IN WHICH FULL OPINIONS WERE NOT FILED.

### SMITH v. TOWNS et al.

LEWIS, J. This case is controlled by the decision of this court in *Ewing v. Shropshire*, 80 *Ga.* 374, and it follows that the court erred in overruling the demurrer to the plaintiffs' petition.

Judgment reversed. All the Justices concurring. ;

Argued April 26, — Decided July 14, 1900.

Complaint for land. Before Judge Henry. Floyd superior court. July term, 1899.

On June 27, 1899, C. M. Towns, for himself and as next friend of two minor Towns children, sued Smith to recover a three-fourths undivided interest in a city lot. Attached to the petition is a deed dated June 22, 1885, from J. H. Cooper to Mary W. Towns and the heirs of her body born and to be born. The petition alleges, that plaintiffs are the true owners in fee of a three-fourths undivided interest in the land; that they are the heirs and the only heirs of the body of Mary W. Towns, who died in 1894; that under the deed from Cooper she and the plaintiffs each owned jointly an undivided one-fourth interest in the land; that in 1893 Mary W. Towns executed to Smith a deed to said land, but she could convey only an undivided one-fourth interest, and he has no other title. It is further alleged, that the money invested in the purchase of said land

was a trust fund for the benefit of Mary W. Towns and her said children born and to be born, and was invested in accordance with the parol trust imposed upon it by Gerome Harris and Mrs. —— Harris, individually and as administrators of James D. Harris, deceased, for the benefit of Mary W. Towns and the said heirs of her body born and to be born; that after the execution and delivery of the deed by Cooper, during petitioners' minority, petitioners' names and interests were stricken from said deed, and the same so erased was delivered to Smith, who had full notice of petitioners' right, title, and interest in the land before the deed to him was made by Mary W. Towns. Smith demurred, for want of a cause of action alleged; because the deed attached to the petition conveys no title to any person other than to Mary W. Towns; and because a parol trust can not be set up in opposition to the express terms of a written instrument, and no notice of such parol trust is alleged to have been received by Smith before his purchase. The demurrer was overruled, and he excepted.

*Halsted Smith*, for plaintiffs in error.
*Nat. Harris* and *J. H. Hoskinson*, contra.