HON. YOUNG J. POPE, CHIEF JUSTICE.
HON. EUGENE B. GARY, ASSOCIATE JUSTICE.
HON. IRA B. JONES, ASSOCIATE JUSTICE.
HON. C. A. WOODS, ASSOCIATE JUSTICE.

## THOMASSON v. SOUTHERN RAILWAY.

1. EVIDENCE—RAILROADS.—In an action against a railroad company for personal injuries alleged to have been received at a street crossing which was blocked by a freight train for a longer time than permitted by the town ordinance, it is competent to prove by plaintiff and others that they were laborers in a cotton mill separated from their homes by the railroad, that they had gone home for dinner and had only a few minutes to return to their work, and in order to get there in time passed over the bumpers of the cars, the plaintiff having his foot crushed between the bumpers, the cars being moved as he was passing over.

2. JUDGE—ORDINANCE.—It is not error for trial Judge to say to the

1—72

jury in his charge that you will have to determine what the ordinance is, and whether it has been violated, where the ordinance has been properly proved and its terms are so plain that it needs no construction.

3. ORDINANCE.—That an ordinance is unreasonable is not a defense to its violation. Whether an ordinance is unreasonable, can only be inquired into in attacking it as unconstitutional or as void for want of power.

4. CHARGE.—In refusing a request to charge that there is no evidence to show that acts in question were intentional or wilful, it is not a charge on the facts, or an expression of opinion thereon, for the Judge to say that there is some evidence of such acts, if there be such evidence, disclaiming any intention to give an opinion as to the weight or sufficiency of the evidence.

5. IBID.—BURDEN OF PROOF—NEGLIGENCE.—An instruction that "Gross negligence is sometimes defined as the entire absence of care. Wilful negligence is such conduct as shows an intentional disregard of those precautions which a prudent person would exercise. Now, a person may be careless intentionally; may be grossly careless intentionally; on the other hand, he may be wilfully disregardful of the care he ought to exercise," does not put on defendant a greater burden of proof than the law. Nor does it require the finding that plaintiff's act was intentional, before defense of gross negligence can be sustained.

6. PUNITIVE DAMAGES may be awarded for a wilful, wanton or reckless act done with an evil purpose or reckless design, or utter disregard of the rights of others, and proof of *malice* toward the *person injured* or of *intention* to injure him, is not necessary.

7. REHEARING refused.

Before W. C. BENET, special Judge, Spartanburg, September term, 1903.   Affirmed.

Action by Claude Thomasson against Southern Railway. From judgment for plaintiff, defendant appeals.

*Mr. C. P. Sanders,* for appellant, cites: *Evidence of acts of third parties inadmissible:* 7 Ency., 1 ed., 58; 16 Ency., 1 ed., 462; 25 S. C., 30.   *Unreasonable ordinances are void:* McQuetin on Ord., sec. 276; 21 Ency., 985; 28 Am. St. R., 609; 41 Id., 230; 48 Id., 419; 47 Id., 114; 46 Id., 390; 66 S. C., 194.   *Punitive damages only allowed for conscious*

*invasion of plaintiff's rights:* 69 S. C., 144; 99 Fed. R., 372.
62 S. C., 270; 2 Suth. on Dam., 3 ed., 1095; 44 Am. St. R:,
476.    *As to charge on facts:* 51 S. C., 459; 53 S. C., 67.

*Messrs. Stanyarne Wilson* and *C. P. Sims,* contra.    *Mr.
Wilson* cites: *If testimony of acts of third persons is imma-
terial, its admission is discretionary:* 48 S. C., 143; 51 S. C.,
485; 52 S. C., 377; 60 S. C., 70; 55 S. C., 580.    *But it is
admissible:* 23 L. R. A., 255.    *Whether an ordinance has
become valid is for jury:* 62 S. C., 333.    *Defendant suffered
no injury from its submission to jury:* 69 S. C., 421.    *As to
charging abstract propositions:* 46 S. C., 203.    *A wanton or
reckless act not specifically directed against the injured war-
rants punitive damages:* 54 S. C., 90; 69 S. C., 469, 165,
452.    *Plaintiff was not a trespasser:* 49 S. C., 16; 61 S. C.,
404; 65 S. C., 260.

The opinion in this case was filed May 20, 1905, but
remittitur held up on petition for rehearing until

May 29, 1905.    The opinion of the Court was delivered
by

MR. CHIEF JUSTICE POPE.    This was an action brought
to recover $15,000 for personal injuries received by the
plaintiff on the 25th day of March, 1902, for having his
foot crushed between the bumpers of two of the cars of the
defendant company, near the depot of the defendant in the
town of Gaffney, S. C.    The complaint alleges that the train
of the defendant was standing across one of the streets of
the town of Gaffney, blocking the same for over twenty
minutes, in violation of one of the ordinances which prohib-
ited any train from blocking any street for more than five
minutes; that the plaintiff was compelled to pass between
two of the defendant's cars, which were standing across said
street, in order to go to his work, which was in the cotton
mill; that while so attempting to pass between said cars, the
servants of the defendant who were in charge of said train,

without any warning of their intention, either by sounding the whistle or ringing the bell, moved said cars wilfully, wantonly, carelessly and negligently, and in utter disregard of the rights of the plaintiff, caused the cars to be moved, crushing plaintiff's foot between the bumpers and mashing it so badly that it had to be amputated.

The answer of the defendant denied all of the material allegations of the complaint which alleged any negligence, wilfulness or wantonness on its part, and it set up the affirmative defense that the plaintiff was guilty of contributory negligence. Both parties introduced testimony going to show that this was a freight train. The plaintiff alleged that said train occupied the street for more than twenty minutes, while the defendant's testimony was that only for four or five minutes at one time did its train occupy said street. There was testimony going to show that it was almost impossible for the defendant to transact its business in said town of Gaffney without occupying the street more than five minutes; that an engine was hitched to said train with steam, ready to move at any time, and that the plaintiff undertook to cross the track when the said train of cars was moving or shifting; that just at the moment it came to a standstill and before reversing its motion plaintiff undertook to pass over the bumpers of the cars, and that in undertaking to climb between the cars he took the risk of being injured; that by walking one hundred yards plaintiff could have easily gone around the train; that none of the employees of the defendant had any knowledge whatever of the fact that either the plaintiff or any one else was attempting to cross over the bumpers of the cars at the time they undertook to cross the train, or that any one was in the slightest danger of being injured. The evidence was conflicting as to the following facts as to whether this train was standing across this street for more than five minutes, and as to whether it moved without sounding the whistle or ringing the bell. Several witnesses were allowed to testify, against the objection of the defendant, that others had crossed between these

cars on the day named and at other times, and to give their reasons why they passed between them. This evidence was objected to on the ground that it was incompetent, irrelevant, being the act of an independent third party not connected with this suit, and not responsive to any of the allegations in the complaint. His Honor allowed the evidence to go in. The defendant requested his Honor to instruct the jury that there was no evidence of wilfulness or wantonness, and that no vindictive or punitive damages could be given. His Honor refused the request, stating that there was some evidence tending to prove an intentional and wilful act. The defendant requested the Court to charge as follows: "A town or city has no right to pass an ordinance which is unreasonable, and if it does pass an unreasonable ordinance, then such ordinance cannot be enforced." His Honor refused this request and instructed the jury that an ordinance could be enforced even though it was unreasonable, and that it would be unlawful to disregard it. In reference to the defense of contributory negligence on the part of the plaintiff, under the statutes, his Honor charged the jury that gross negligence was an entire absence of care, and also that gross negligence was an intentional act.

After hearing the testiminoy and the charge of his Honor, the jury returned a verdict of $7,500. A motion was made for a new trial on the minutes of the Court, which was refused. From the judgment entered upon the verdict the defendant has appealed, challenging the correctness of his Honor's ruling in admitting the evidence excepted to, as well as the correctness of his charge in the matters herein referred to. We will first consider the exceptions from one to ten, inclusive, which are as follows:

"1. In allowing the following question to be asked the witness, Gaston, to wit: 'State whether or not you crossed over the train at any crossing that day?' and in allowing the witness to answer the same. The error being, that this question was incompetent and irrelevant, it

being the act of an independent third party not connected with this suit, and there being no allegations in the complaint in reference to any such act.

"2. In allowing the following question to be asked the witness, Gaston, to wit: 'How did you cross the track?' and in allowing him to answer the same. The error being that this was incompetent and irrelevant, it being the act of an independent third person, there being no allegations in the complaint in reference to it.

"3. In allowing the following question to be asked the witness, Gaston, to wit: 'Why did you cross between the cars?' And allowing him to answer this question, the same being incompetent and irrelevant, being the act of a third person, and being speculative, and there being no allegations in the complaint in reference to it.

"4. In allowing the following question to be asked the witness, Gaston: 'Well, state whether or not other people did the same thing?' 'Did you cross over the train again?' And in allowing the witness to answer the same. The error being, that these questions were incompetent and irrelevant, being as to the act of other people not connected with this suit, and there being no allegations in the complaint in reference to the same.

"5. In allowing the following question to be asked the witness, Gaston: 'Mr. Gaston, if you had heard the whistle blow or the bell ring would you have tried to cross?' And in allowing the witness to answer the same. The error being, that this was incompetent and speculative, in that it allowed this witness to give his opinion as to his act; he being a third person, not connected with this suit, and there being no allegations in the complaint in reference to it.

"6. In allowing the following questions to be asked the witness, Gaston, to wit: 'How did people get across the street when it. was blocked that way?' 'What did the majority do?' And in allowing the witness to answer the same. The error being, that these questions were incompetent and irrelevant, in that they referred to the acts of people

who were third parties, not connected with this suit, and tended to prove the custom of other people, and there being no allegations of the complaint in reference to the same.

"7. In allowing the following questions to be asked the witness, J. D. Belch: 'Do you cross over this crossing going to dinner?' and in allowing the witness to answer the same. The error being, that this was incompetent and irrelevant, in that it referred to the act of a third person, there being no allegations in the complaint in reference thereto.

"8. In allowing the following question to be asked the witness, W. C. McAbee: 'Did you see other people crossing there at that time ahead of Mr. Thomasson?' 'How many did you see?' And in allowing him to answer the same. The error being, that this was incompetent and irrelevant, it being in reference to the acts of third persons, not connected with this suit, and there being no allegations in the complaint in reference thereto.

"9. In allowing the following question to be asked the plaintiff: 'Why didn't you wait until the train moved off across the crossing?' 'Why were you compelled to go on?' And in allowing him to answer the same. The error being, that this was incompetent and irrelevant and speculative, there being no evidence of any force used by defendant, and no evidence that the plaintiff was in danger and did this act under any apprehension of personal injury.

"10. In allowing the following question to be asked the plaintiff: 'Did individuals cross ahead of you?' And in allowing him to answer the same. The error being, that this question was incompetent and irrelevant, it being as to the act of third persons not connected with this suit, and about which the complaint contained no allegations."

An examination of the testimony here referred to involving the questions and answers is somewhat perplexing. Usually it is the case that the testimony as to the acts of third persons not connected with the case is objectionable, but in this case, which involves the conduct of the railroad company as to its train blocking streets, preventing persons

from attending to their work, where time is very important to them as laborers, such testimony as is objected to goes to show what were the conditions confronting the plaintiff on the day of his injury. And also it goes to show the conduct of persons blocked from their daily labor by train of the defendant being allowed to shut up streets used by them, which streets were shut up by the train for more than five minutes; and in this view we cannot say that the testimony should have been shut out. The Circuit Judge is clothed with a great deal of responsibility in regard to trials, and he admitted this testimony, endeavoring to keep the witnesses within limit in their answers. All in all, we think this testimony was admissible, and, therefore, these exceptions must be overruled.

The 11th exception is as follows: "Because his Honor erred in charging the jury as follows: 'With reference to the blocking of the street as alleged in the complaint, that it was in violation of the town ordinance of the town of Gaffney. You will have to determine from the testimony what was the town ordinance, and whether it was violated by the action of the railway company.' The error being, that by this charge his Honor left as a fact to be determined by the jury what the town ordinance was. Whereas, it is respectfully submitted, this was a question of law for the Court." As to this exception, we do nöt see that the Circuit Judge erred as herein attempted to be pointed out. The ordinance was proved by the clerk of the council of Gaffney, its phraseology was direct and really needed no construction by the Judge, for it simply forbid the railroad company from obstructing the streets for more than five minutes at a time, and his Honor in the charge referred to simply said: "You will have to determine from the testimony what was the town ordinance and whether it was violated by the action of the railroad company." Under this view of the case, there was no error. This exception is, therefore, overruled.

We will next consider the 12th exception: "Because his Honor erred in not charging the defendant's tenth request to charge, to wit: 'A city or town has no right to pass an ordinance which is unreasonable, and if it does pass an unreasonable ordinance, then such ordinance cannot be enforced.' And in charging in connection therewith, as follows: 'I cannot charge you that, because it is conceivable that a city or town might pass an unreasonable ordinance, and it might enforce it very successfully. It might be a hardship on the public, but it can be enforced so long as it is an ordinance, and it is unlawful to disregard it, and if the public desire to have it repealed, the proper plan is not to violate it, but to take proper steps to have it repealed. I cannot say because an ordinance of a city may be unreasonable it cannot be enforced, and I, therefore, have to refuse the tenth request.' The error being, as it is respectfully submitted, that an unreasonable ordinance is a void ordinance, and his Honor erred in not charging the jury as requested by the defendant, and in substantially instructing the jury that even if this ordinance was an unreasonable ordinance, the violation of it would be a violation of law on the part of the defendant as long as it was unrepealed, and that it would be an act of negligence on the part of the defendant to violate it, even though it was unreasonable."

A municipal ordinance within the constitutional grant of the legislature cannot be impeached in Court for *mere unreasonableness*. *Darlington* v. *Ward,* 48 S. C., 583, 26 S. E., 906, and cases therein cited. But if attacked on *constitutional* grounds, the unreasonableness of an ordinance may be considered as a circumstance with a view to ascertain if it really violates some constitutional provision. *State* v. *Earle,* 66 S. C., 203, wherein it was held that it was competent to show that an ordinance is so unreasonable in its operation as really to be spoliation or confiscation of property under the guise of legal forms, in violation of the Federal Constitution. The ordinance under consideration being questioned for mere unreasonableness in the request to

charge, and not because in violation of the Constitution, or as void for want of power, a judicial question was not presented and there was no error in refusing to charge that the ordinance was void because unreasonable.

We will now consider the 13th exception: "Because his Honor erred in instructing the jury that an unreasonable ordinance could be enforced as long as it was unrepealed, and that it would be an unlawful act to disregard an unreasonable ordinance, thereby leading the jury to believe that even if the ordinance of the town of Gaffney was unreasonable, that the defendant would be liable to the plaintiff if it violated it, and plaintiff was injured. The error being, that an unreasonable ordinance is void and not binding upon the citizens of the town or State, and his Honor erred in not so instructing the jury." This exception, involving as it does the Circuit Judge's action as referred to in the 12th ground of appeal, renders it unnecessary for us to consider this 13th exception. This exception is, therefore, overruled.

We will next consider the 14th and 15th exceptions: "14. Because his Honor erred in not charging the defendant's twelfth request, to wit: 'No vindictive, or punitive, or exemplary damages can be allowed in this case as there is no evidence showing any intentional, or wilful, or wanton act of the defendant causing the injury complained of.' And in connection therewith, in charging the jury, 'That there is in the case evidence tending to prove that the defendant was guilty of a wilful, intentional or wanton act.'

"*a.* The error being, that there is a total failure on the part of the plaintiff to prove any intentional, wilful or wanton act, such as would warrant a verdict for vindictive or punitive damages, and it was error of law on the part of his Honor, the presiding Judge, to refuse the defendant's request.

"*b.* That the refusing of this request, and his Honor's charge in connection therewith, was a charge upon the facts, and an instruction to the jury that there was evidence tending

to prove the contention of plaintiff upon a material point which was in dispute, thereby violating the provisions of the Constitution which prohibits a Circuit Judge from charging upon the facts of the case.

"15. Because his Honor, in connection with defendant's twelfth request, erred in instructing the jury as follows: 'If I could clearly see there was no evidence showing any intentional, or wilful, or wanton act on the part of the railway company, I would so charge you, but without saying how much evidence there is, or what its effect should be, or whether it proves satisfactorily that the railroad company is guilty of intentional or wilful or wanton negligence, I am bound to say that there is in the case evidence tending to prove that. * * * I am bound and I hold there is some evidence in the case tending to show that.'

"*a.* The error being, as it is respectfully submitted, that his Honor in so charging was charging in respect to matters of fact, in violation of the constitutional inhibition in that regard, and was instructing the jury that there was evidence tending to prove the contention of plaintiff upon a disputed question of fact, in violation of the inhibition contained in sec. 26, art. V., of the Constitution of this State, which prohibits, 'That Judges shall not charge juries in respect to matters of fact, but shall declare the law.'

"*b.* The error being, that by this charge, his Honor stated the testimony, contrary to sec. 26, art V., of the Constitution, and expressed his opinion that there was evidence on a disputed question of fact."

While the writer of this opinion thinks that the Circuit Judge, as complained in this exception, expressed an opinion in regard to the weight of the evidence, and in so doing transgressed art. V., sec. 26, of the Constitution, the majority of the Court are of the opinion that the exception should be overruled for these reasons: The remarks of the Judge were directly responsive to the appellant's request to charge, and appellant and cannot complain if, as matter of fact, there was some evidence tending to show a recklessness or wanton

injury. The Court expressed no opinion as to the weight
or sufficiency of the evidence, and was careful to so state. It
was the duty of the Court to refuse the request if there was
some evidence on that issue. It would doubtless be the best
practice for the trial Court to simply decline such a request
without making reference to the testimony, if in his view the
charge could not be properly made; but still, in legal effect,
the mere refusal of such a request is tantamount to a holding
that there is some testimony to be submitted to the jury.
Often in refusing a nonsuit or motion to direct a verdict, a
Court is called upon to say whether there is any testimony to
be submitted to the jury, and although such a ruling may be
in the hearing of the jury, it is not deemed to be a charge on
the facts. In all such cases, as also in refusing to grant a
new trial, whether there is any testimony tending to show
a particular issue, is rather a question of law than a question
of fact. An examination of the record satisfies this Court
that there was some testimony tending to show a wanton or
reckless injury to plaintiff, and in such case the refusal to
charge as requested was proper and was not a charge in
respect to matters of fact.

We will next examine exception 16, which is as follows:
"Because his Honor erred in charging the jury in respect to
matters of fact, in contravention of sec. 26, art. V., of the
Constitution of this State, when he instructed and charged
them: 'And there was in this case evidence tending to prove
that the railroad company was guilty of an intentional or
wilful or wanton act, and in instructing them that there was
evidence upon which the jury could find a verdict for vindic-
tive or punitive damages.'" This is but a renewal of the
alleged errors of the Circuit Judge, as set out in the 14th
and 15th exceptions.

Exception 17. "Because his Honor erred in instructing the
jury in reference to gross negligence and wilful negligence,
as follows: 'Gross negligence is sometimes defined as the
entire absence of care. Wilful negligence is such
conduct as shows an intentional disregard of those

precautions which a prudent person would exercise. Now, a person may be careless intentionally; may be grossly careless intentionally; on the other hand, he may be wilfully disregardful of the care he ought to exercise.' The error being:

"(1) By this charge his Honor put upon the defendant a greater burden of proof than the law does, and by this charge the jury were instructed substantially that in order to prove gross negligence on the part of the plaintiff, it was necessary to show an entire absence of care on his part. Whereas, it is respectfully submitted, that it is only necessary to show an absence of slight care, and led the jury to infer that the defense of gross negligence on the part of the plaintiff could not be established, except upon proof of the entire absence of care on his part.

"(2) That by this charge, his Honor instructed the jury that wilfulness was an intentional disregard of those precautions which a prudent person should exercise. Whereas, it is respectfully submitted, that negligence and wilfulness are the opposites of each other, and under his Honor's charge the jury were bound to find that the plaintiff intended to commit the act before they could find that his carelessness, if it existed, contributed to the injury, even though such carelessness may have been gross. Thus putting upon the defendant a greater burden than the law places upon it." We have reproduced the entire exception, including not only what the presiding Judge did say, but what the appellant thinks he might have had in his mind. Certainly, an examination of the language used by the presiding Judge shows it is free from error. This exception is overruled.

Exception 18. "Because his Honor erred in charging in reference to the gross carelessness of the plaintiff, as follows: 'Now, a person may be careless intentionally, may be grossly careless intentionally, and, etc. The error being that by this charge his Honor, the Circuit Judge, placed upon the defendant a greater burden than the law places upon it, and substantially instructed the jury that before the defense of

gross negligence could be sustained, it was necessary to show that the plaintiff's act was an intentional one." How in the world the language of the Circuit Judge as quoted, to wit: "Now, a person may be careless intentionally, may be grossly careless intentionally, and, etc.," could injure the defendant, we cannot see. If the appellant imagined that we would hunt up the language of the Circuit Judge as covered by "etc.," he was in error. This exception is overruled.

Exception 19. "Because his Honor erred in charging as follows: '(1) But there are cases in which the law allows a party to assess what are called punitive damages, damages intended to punish a defendant for an intentional, wilful, unlawful and reckless wrong doing. (2) And he must satisfy you by the preponderance of the testimony that the railroad company was guilty of such conduct as described, that the negligence was unlawful, reckless, wanton, etc., before you can find punitive damages. (3) That kind of negligence which would justify giving punitive damages is not simply carelessness or heedlessness, but it implies the person has acted intentionally, has some evil purpose or reckless design, or utter disregard of the rights of others, has done what he intended to do to injure another person, or acted in such a way as would likely injure another person, regardless of his rights, implying an act of the mind an intention to do so, not an intention to injure, but to do an act which resulted in injury. (4) But if he succeeds still further in satisfying you that the railroad company's negligence was wilful, wanton or reckless, then he would be entitled to punitive damages.' The error being, as it is respectfully submitted, that his Honor by this charge led the jury to believe:

"a. That the mere reckless doing of an act, without the intention to injure, would warrant a verdict for vindictive or punitive damages.

"b. That by this charge his Honor led the jury to believe that the wilful doing of an act, even if done without the intention to injure, but the mere intention to do the act,

would warrant the jury in rendering a verdict for vindictive or punitive damages.

"c. That his Honor's charge in this respect was calculated to lead the jury to believe that the mere doing of a wilful or intentional act by the defendant was sufficient to warrant a verdict for vindictive or punitive damages, even though the defendant might not have known, or did not know, that injury would result to the plaintiff.

"d. That this charge was calculated to lead the jury to believe that the plaintiff could recover vindictive or punitive damages from the defendant in this case, if it appeared that the defendant acted in a wilful or intentional manner, even though there was no malice on the part of the defendant against the plaintiff, and no intent on its part to injure him.

"e. That his Honor in so charging made the word reckless equivalent to wilfulness or wantonness, and put into it a broader and deeper meaning than such as the law implies."

a. We have held that the use of the word "reckless," in characterizing the conduct of a defendant to one injured by it, is sufficient to support punitive damages. _Pickett_ v. _R. R. Co._, 69 S. C., 445.

b. We do not see that the Circuit Judge by the language he used justified this inference of the appellant.

c. The language of the appellant in this subdivision of the 19th exception is not supported by the words used by the Circuit Judge.

d. and e. These subdivisions are not responsive to the language actually used by the Circuit Judge. Therefore, the 19th ground of appeal is overruled.

Exception 20. "Because his Honor erred in not granting a motion for a new trial on the grounds, it is respectfully submitted: a. That there was no evidence to sustain the allegations of wilfulness, wantonness or intentional wrong doing on the part of the defendant. There being no evidence of any intention on the part of the defendant to injure the plaintiff, and no evidence of malice towards him, and no evidence of any knowledge on its part that plaintiff was in a place of

danger, or that he intended to cross the railway track at the time he did."

(a) We do not think there was error in the Circuit Judge in refusing to grant a new trial. There was testimony tending to show that defendant's conduct to plaintiff warranted the jury in finding vindictive damages. This exception is, therefore, overruled.

Exception 21. "Because his Honor having erred in charging the jury in respect to matters of fact, and in charging them on material facts of the case which were in dispute, when he charged them that there was evidence of wilfulness, wantonness and intentional wrong doing on the part of the defendant, erred in not granting the motion for a new trial on this ground." This ground of appeal has been practically disposed of by what has been already said. The exception is, therefore, overruled.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.

Petition for rehearing refused by formal *per curiam* order, May 29, 1905.