17289

JAMES C. McLEOD, Respondent, v. GLENN ROSE, Appellant
(97 S. E. (2d) 899)

210

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, *for Appellant,*

*Messrs. McEachin, Townsend & Zeigler* and *Bridges & Bridges,* of Florence, *for Respondent,*

May 7, 1957.

OXNER, Justice.

This is an action to recover damages for personal injuries sustained as a result of plaintiff's being struck by an automobile owned and operated by defendant. The accident occurred at a street intersection in the City of Florence, South Carolina, on January 11, 1954. The trial resulted in a verdict for plaintiff for $5,000.00. The sole question presented by the appeal is whether the Court erred in refusing defendant's motion for a mistrial upon the ground that plaintiff's counsel brought out the fact that defendant was protected by liability insurance.

The last witness for the defendant was a police officer of the City of Florence who said he interviewed both parties at a Florence hospital shortly after the accident. He testified on direct examination that plaintiff told him, "he didn't know exactly how it happened, but he didn't believe it was Mr. Rose's (defendant's) fault, the one driving the car." This, of course, was damaging evidence against the plaintiff.

Although this witness said that the above statement was made at the hospital in the presence of defendant and others, the defendant who preceded him on the stand made no reference to it in his testimony. On cross-examination this policeman admitted that a few days before the trial plaintiff's counsel asked him what he knew of the accident, to which he replied that he didn't know anything. After cross-examination along this line, the following occurred:

"Q. Did you make a report of the accident? A. I have the notes, but I think I made an accident report of it, but we can't find it in the office. The notes I had I am unable to locate them, and besides that, the statement I gave, which I saw just now.

"Q. Who did you give that statement to? A. To the insurance adjuster."

Defendant's counsel immediately moved for a mistrial which the Court refused but fully instructed the jury to disregard the answer or any reference to insurance.

It seems to be conceded that when plaintiff's counsel asked the question, "who did you give the statement to?", defendant's counsel, without addressing the Court, remarked "you better look out."

It later developed in the testimony that the rules require a police officer of the City of Florence to make a written report of any investigation made by him but no statement by this witness could be found in the files. After the incident of which defendant now complains his counsel introduced a written statement made by this policeman on January 25, 1954, or four days after the accident. It was not in his handwriting but was signed by him. Just before he went on the witness stand defendant's counsel showed him this statement for the purpose of refreshing his memory.

The Court below concluded that the alleged objectionable matter developed while plaintiff's counsel "was pursuing a legitimate cross-examination of McKissick (the policeman) for the purpose of discrediting his testimony relative to his alleged statement made by plaintiff at the Bruce Hospital", and that plaintiff's counsel had no reason to suspect that this witness in answer to the question would make any reference to insurance or an insurance adjuster.

We are in full accord with this conclusion. In fact, the question "who did you give that statement to?" is subject to more than one reasonable interpretation. It will be remembered that this statement was shown the witness just before he went on the stand to enable him to refresh his memory. It is not entirely clear whether counsel was referring to the person to whom he returned the statement just before going on the stand or the person to whom it was given after it was signed.

Not applicable are such cases as *Horsford v. Carolina Glass Co.,* 92 S. C. 236, 75 S. E. 533; *Burgess v. Germany-Roy-Brown Co.,* 120 S. C. 285, 113 S. E. 118 and *Duke v. Parker,* 125 S. C. 442, 118 S. E. 802, which hold that it is error to refuse a mistrial where plaintiff's counsel

deliberately inject into the case information that the defendant has liability insurance. Nor is the case controlled by *Haynes v. Graham,* 192 S. C. 382, 6 S. E. (2d) 903, where a very intelligent doctor, a witness for plaintiff, on cross examination by counsel for the defendants, voluntarily brought out the matter of insurance. The Court said he probably "had some idea of the import of the evidence he volunteered." Here it was defendant's witness who gave the information. More analogous to the instant case is *Brazeale v. Piedmont Manufacturing Co.,* 184 S. C. 471, 193 S. E. 39. Also, see *Gleaton v. Green,* 4 Cir., 156 F. (2d) 459.

It is generally held that the fact that it is the defendant or his witness, rather than the plaintiff or his witness, who says something to imply that the defendant is protected by liability insurance, is a factor which may properly be considered by the court. Ordinarily, it will not be presumed that plaintiff's counsel in cross-examining a defendant's witness will know what the answer will be, as might be the case if the plaintiff or one of his witnesses were testifying. This seems to be the situation here. Plaintiff's counsel had no reason to believe that this policeman would mention the occupation of the person to whom he gave the statement. However, defendant's counsel's remark "you better look out" shows very clearly that he anticipated that the answer would probably involve some reference to insurance. Instead of making an "aside remark" to plaintiff's counsel, which the presiding Judge probably did not hear, he should have objected to the question and requested that the jury be excused so that it might be determined without prejudice to anyone what the answer would be.

In *Cummings v. Tweed,* 195 S. C. 173, 10 S. E. (2d) 322, 327, during the examination of a defendant by his counsel, there was offered in evidence some kodak pictures taken at the scene of an automobile accident. On cross-examination plaintiff's counsel asked the defendant, "who took these pictures?" Defendant's counsel objected to the question and asked that the jury be excused. It developed in the absence of

the jury that the photographer was an insurance adjuster. The Court ruled that the identity of the person who took the pictures could not be shown. After the jury returned, plaintiff's counsel was permitted to cross-examine defendant in regard to the pictures and the points from which they were taken and to refer to the photographer as "Mr. X." Defendant's counsel objected to this designation and to plaintiff's counsel's repeated references to "Mr. X." In holding that there was no error, the Court said: "It will be remembered that these pictures were voluntarily introduced in behalf of the defendant, although they were taken by a photographer whose identity he could not afford to disclose, and counsel for the plaintiff clearly had the right to inquire of defendant, who was present when the pictures were taken, as to what is shown by them and the places from which they were taken, and since the name of the photographer could not be given reference to him as 'Mr. X' does not appear to us to have been objectionable."

If counsel for defendant in the instant case had objected to the question and requested that the jury be excused as was done in *Cummings v. Tweed, supra,* the reference to the insurance adjuster would have been eliminated.

Judgment affirmed.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.