17629

L. O. HINSON, Respondent, v. A. T. SISTARE CONSTRUCTION
CO., Inc., Appellant
(113 S. E. (2d) 341)

*Messrs. Johnson & Smith,* of Spartanburg, *for Appellant,*

*Messrs. Odom, Nolen & Foster,* of Spartanburg, and *Hinson & Hamer,* of Greenville, *for Respondent,*

March 21, 1960.

LEGGE, Justice.

In this action for alleged willful trespass the jury found for the plaintiff $200.00 actual and $2,000.00 punitive damages. Following an order for new trial *nisi,* the plaintiff remitted on the record $1,000.00 of the verdict for punitive damages. The defendant has appealed.

The facts are largely undisputed. The plaintiff owns his home at 407 Pine Street in the city of Spartanburg. For the widening of that street the State Highway Department condemned the frontage of his lot, to a depth of about fifteen feet; and on August 3, 1956, the condemnation board made its award, in the amount of $700.00. The plaintiff, refusing it, served notice on August 12, of his intention to appeal to the court of common pleas.

The defendant, a road-building contractor, having been the low bidder on the project, requested of the highway department that he be permited to begin work prior to the award of the contract. Thereupon the State Highway Engineer, on August 9, 1956, wrote to the District Engineer, with copy to the defendant, as follows:

"August 9, 1956

"From: State Highway Engineer

"To: District Engineer F. E. Armstrong
"District No. 3

"Subject: Dockets 42.378 & 42.434—
F. A. No. U—2604 (3) U. S. Route 176—
Spartanburg County

"A. T. Sistare Construction Company, Inc., who was low bidder at the August 7 letting on the contract for the above numbered dockets, has requested permission to begin work prior to the award of the contract.

"Right-of-way acquisition has been completed on the above mentioned dockets and I shall recommend to both The State Highway Commission and The Bureau of Public Roads that the Highway Department be authorized to award the contract to the above mentioned contractor.

"You are authorized to allow the contractor to begin work on this contract with the understanding that no payment can be made therefor until the contract has been executed and that any work done will be at his own risk and responsibility."

Mr. A. T. Sistare, President of the defendant company, testified that he received a copy of the foregoing letter and thereafter on August 16 had his men begin clearing the strip of frontage of the plaintiff's lot. At that time the plaintiff, an army officer, was on duty at Fort Jackson, near Columbia, and there was nobody at his home in Spartanburg, his wife and children being away. The plaintiff came back to his home on week-ends. On the afternoon of August 18, a Saturday, when he came home, he found the defendant's bull-

dozer parked on the front part of his lot, on the strip before mentioned, and blocking his entrance driveway, so that he had to enter his property through a neighbor's lot. No work was going on at the time, and the bulldozer operator was not present. When he came to work on Monday morning, the 20th, the plaintiff told him that payment for the taking of his property had not been made, and requested him to move his equipment. According to plaintiff's testimony, the operator of the bulldozer replied that he was working for the defendant company and had been instructed to come upon the property and commence construction. It appears from the plaintiff's testimony that shortly thereafter the bulldozer was moved, but it was later parked on his property from time to time and he found it there on two or three week-ends thereafter when he came home from Fort Jackson.

The defendant was awarded the road contract on August 21. Tender of the amount of the award, $700.00, was made to the plaintiff on September 11. Plaintiff's appeal in condemnation was tried in the circuit court on April 8, 1957, and resulted in a verdict for $2,350.00.

In the undisputed circumstances of the case at bar, as above stated, appellant's entry upon respondent's lot constituted a trespass; and the trial judge was not in error in so instructing the jury. Where a property owner has appealed from the award of the condemnation board, the highway department may not proceed with the contemplated work on his land without first having tendered him the amount of the award. Code 1952, § 33-140. We said in *Ex parte Wessinger*, S. C., 111 S. E. (2d) 13, 15, that the appellant there had "waived any right to tender of the award by his attempted appeal"; but that case was concerned only with the property owner's application for permission to appeal from the award after the time prescribed for such an appeal had expired. The quoted language was *dictum* there; it is not to be taken as implying that during the pendency of an appeal duly taken the department may

proceed with the contemplated work without having made the tender.

The highway department, being an agency of government, could not have been sued in tort for trespass in the absence of statute so permitting; respondent's right as against it was limited to requiring just compensation for the taking. *Smith v. City of Greenville*, 229 S. C. 252, 92 S. E. (2d) 639. Appellant here had no such limited liability, *Clarke v. City of Greer*, 231 S. C. 327, 98 S. E. (2d) 751, and indeed it makes no claim to it. It does contend, however, that there was no basis for the award of punitive damages because: (a) it did no more, after its entry upon respondent's lot, than it would have had the right to do had tender of the amount of the award been made prior to such entry; and (b) the notice given and objection made by the respondent to its bulldozer operator were not imputable to appellant.

This argument overlooks the fact, apparent from the testimony of Mr. Sistare, that appellant's entry upon the property was made after its receipt of the copy of the State Highway Engineer's letter of August 9, and therefore with full knowledge that it had no contract with the highway department. It overlooks also the fact that appellant, charged with knowledge of the law requiring tender before entry, entered and commenced its work of clearing without inquiry as to whether such tender had been made.

Trespass through mere negligence affords no ground for punitive damages; but such damages may be awarded where the trespass is willful and deliberate. *Matheson v. American Telephone & Telegraph Co.*, 137 S. C. 227, 135 S. E. 306; *Terwilliger v. White*, 222 S. C. 176, 72 S. E. (2d) 169; *Davenport v. Woodside Cotton Mills Co.*, 225 S. C. 52, 80 S. E. (2d) 740; *Clarke v. City of Greer, supra.* "The test by which a tort is to be characterized as reckless, willful or wanton is whether it has been committed in such a manner or under such circum-

stances that a person of ordinary reason or prudence would then have been conscious of it as an invasion of the plaintiff's rights. *Tolleson v. Southern Ry. Co.,* 88 S. C. 7, 70 S. E. 311; *Eberle v. Southern R. Co.,* 98 S. C. 89, 79 S. E. 793. It is this present consciousness of wrongdoing that justifies the assessment of punitive damages against the tort-feasor." *Rogers v. Florence Printing Co.,* 233 S. C. 567, 106 S. E. (2d) 258, 263. We think that the evidence, as before reviewed, was sufficient to require submission of the issue of willfullness to the jury, and to warrant inference by that body that appellant originally entered upon the property with knowledge that it had no right to do so. There is, therefore, no need for us to explore the theory of willfullness based upon the parking of appellant's equipment on respondent's lot after notice and objection given and made by the respondent to the operator of appellant's bulldozer. But we note, in passing, that there was testimony, including that of Mr. Sistare, that in our opinion would have warranted inference by the jury that the bulldozer operator was the agent of appellant in actual charge of its work of clearing the frontage of respondent's lot.

Pursuant to subpoena, Mr. Sistare produced at the trial the defendant's latest financial statement; and it was admitted in evidence over the defendant's objection. It is not reproduced in the record before us. Error in its admission is charged here upon the same ground that had been urged when it was offered, to wit: that the only relevant portion of it was the figure showing the defendant's net worth, and therefore only that portion of it should have been allowed in evidence. We need not determine whether or not appellant's position is technically sound. Assuming that it is, no prejudicial error has been shown.

We agree with appellant that the verdict for $200.00 actual damages cannot stand. The uprooting of respondent's shrubbery furnished no basis for actual damages; his verdict in the condemnation proceeding included just compensation for its loss as well as for all other

loss sustained by him as the result of the taking. He suggests that but for appellant's untimely entry he may have been able to remove his shrubbery and thus keep it, in addition to being paid for it. But compensatory damages may not be founded on the possibility of that sort of windfall.

Appellant's trespass, which the verdict characterizes as willful, was an invasion of respondent's legal rights from which damages sufficient to sustain an action will be presumed, even though such damages may be only nominal and not capable of admeasurement. *Cook v. Atlantic Coast Line R. Co.,* 183 S. C. 279, 190 S. E. 923. But there is nothing in the record before us to suggest that the trespass resulted in any damage to respondent beyond that for which he had been compensated in the condemnation proceeding. The parking of the bulldozer on the cleared portion of this lot angered him, to be sure; but it cannot be said to have resulted in measurable damage.

That the jury held this view and attempted to express it is evidenced by their verdict as originally rendered, to wit: "We find for the plaintiff the sum of nominal dollars actual damages and two thousand dollars punitive damages."

This verdict having been published, the trial judge sent the jury back to their room and, after brief discussion with counsel, recalled them and instructed them as follows: "Mr. Foreman and gentlemen of the jury, the court, in its initial instructions, instructed you to write out an amount. You have written the word 'nominal' in there. Of course nominal is some trifling sum or some token sum, and the court is going to instruct you to write in such sum as you had in mind as nominal damages. It could be one cent or one dollar or some such amount as you think the plaintiff is entitled to, as you have in mind for the word 'nominal'. I might tell you that nominal damages have been defined as a trifling sum awarded to a plaintiff when there is no substantial loss or injury to be compensated, but still the law recognizes a technical invasion of his rights or a breach of

the defendant's duty, or in cases where, although there has been a real injury, the plaintiff's evidence entirely fails to show an amount, so you must put in some token amount or some trifling sum in lieu of the word 'nominal'. So you may retire back to your room."

The jury then retired, at 3:15 p. m., and the trial judge inquired of counsel whether they wished to take exception to his instruction as to nominal damages. To this inquiry counsel for both sides replied in the negative. At 3:17 p. m., the jury returned, having substituted, in the place of the word "nominal", the words "two hundred". This change was not responsive to the trial judge's instruction. A verdict for $200.00 is a verdict for substantial, not nominal, damages. 15 Am. Jur., Damages, Section 5; *Mahoney v. Beatman,* 110 Conn. 184, 147 A. 762, 66 A. L. R. 1121.

The judgment is reversed as to actual damages and affirmed as to punitive damages. Where there has been a willful invasion of a legal right but no substantial damage has been shown to have resulted therefrom, a verdict for punitive damages alone will stand, since it will be presumed that nominal damages, incapable of admeasurement, have been merged in the punitive damages. *Cook v. Atlantic Coast Line R. Co., supra.*

Affirmed in part, and reversed in part.

STUKES, C. J., and OXNER and Moss, JJ., concur.

TAYLOR, J., did not participate.