18026

John A. NORTON, Respondent, v. Athanasius E. EWASKIO, Appellant

(129 S. E. (2d) 517)

*J. Edwin Belser, Jr., Esq.,* of Columbia, *for appellant,*

*Messrs. Edens & Hammer,* of Columbia, *for Respondent,*

*J. Edwin Belser, Jr., Esq.,* of Columbia, *for Appellant, in Reply,*

February 11, 1963.

TAYLOR, Chief Justice.

This is an action to recover damages alleged to have been sustained by plaintiff, John A. Norton, as a result of the negligence and willfulness of the defendant, Athanasius E. Ewaskio, in the operation of his automobile.

The case was tried before the Honorable Legare Bates, Judge of the Richland County Court and a jury, on November 6, 1961, which resulted in a verdict for plaintiff in the amount of $310.00 actual and $3,440.00 punitive damages and defendant appeals.

Early in the morning of January 25, 1960, the two vehicles driven by plaintiff and defendant collided at the intersection of Gervais and Main Streets in the City of Columbia. Gervais Street runs east and west and Main street runs only to the north of Gervais Street at this point. The State Capitol is located immediately to the south.

Plaintiff, a 79-year old night watchman returning home from work, was proceeding easterly on Gervais Street. Defendant, a Catholic Monk belonging to the Slaves of the

Immaculate Heart of Mary, a Monastery located at St. Benedict's Center, Stillriver, Mass., was proceeding in a westerly direction on Gervais and was attempting to turn left into the State House parking area, reserved for State employees only, which is immediately south of the intersection of Gervais and Main Streets. Traffic at this intersection is controlled by traffic lights which indicate by green arrows the movement of traffic. Testimony is to the effect that when a green arrow is indicated for traffic going east on Gervais Street, straight ahead and left turn green arrows appear simultaneously for traffic going west on Gervais Street. This was apparently the condition of the lights at the intersection at the time of the accident. Plaintiff was proceeding directly across the intersection at the time of the accident. His testimony was to the effect that he stopped at the intersection awaiting the green arrow to proceed. When the green arrow appeared, he started forward and defendant's car making a left turn suddenly appeared in front of him causing the accident. Defendant testified that he was stopped at the intersection in the left-hand lane awaiting the signal to turn left in order to park in the State House parking lot. He was unaware that this was a restricted parking area as this was his first time in Columbia. He further testified that when he saw the left turn arrow appear, he turned left but was unable to enter the parking area as there were pedestrians in the crosswalk. He stated that he came to a complete stop and that he saw plaintiff's car proceeding toward him approximately 40 yards or 120 feet away, that he was still in this position when plaintiff's car collided with his car. Plaintiff further testified that after the accident and while standing at the scene he became chilled and later developed pneumonia.

Prior to the trial date, defendant moved for a continuance which was denied by the trial Judge, and defendant's first exception alleges error in so doing in that said motion was based on the absence of a material witness. The witness in question was a member of the police

department of the City of Columbia at the time of the accident, but at the time of trial was a member of the armed forces stationed in Germany. The motion was made informally before Judge Bates in Chambers, and there is no indication in the record that there was compliance with Rule 27 of the Circuit Court Rules. A motion for a continuance based on the ground of the absence of a material witness is addressed to the sound discretion of the trial Judge, and it is well settled that the trial Judge's ruling will not be disturbed unless it be shown that there was an abuse of discretion. See 6 S. C. Digest, Continuance, Section 21 et seq. In instant case there has been no showing that the trial Judge abused his discretion in denying the motion for a continuance, and this exception is overruled.

The second exception charges error in refusing to order a mistrial when the fact that defendant was protected by liability insurance was inadvertently injected into the trial. One of defendant's witnesses, Brother Hugh McIvey, after testifying as to a certain conversation immediately after the accident, testified on direct examination as follows:

"Q. Did you have any further conversation with Mr. Norton?

"A. Yes, I did. I said to Mr. Norton that we were going to carry on our missionary work throughout the South and that God would bless him very much if he would let this in the hands of the insurance company and let it be settled in that manner and Mr. Norton agreed to that."

The trial Judge noted and refused defendant's motions and instructed the jury to disregard any reference to insurance. We are of opinion that there was no error in the trial Judge's ruling. The answer was responsive to inquiry made by defendant's own counsel, and the fact that it was made by his witness on direct examination is a strong factor to be considered by the trial Judge in ruling on such motion.

In *Vollington v. Southern Paving Construction Co., et al.,* 166 S. C. 448, 165 S. E. 184, the defendant on direct

examination mentioned insurance. This Court in holding there was no error in absence of a motion for a mistrial or nonsuit stated, "* * * the plaintiff should not be penalized for that for which he was in no wise responsible."

In *Brazeale v. Piedmont Manufacturing Co.,* 184 S. C., 471, 193 S. E. 39, the defendant's witness on cross-examination mentioned an insurance agent, the answer not being responsive to the question asked. The defendant requested a mistrial which was refused. This Court in upholding the trial Judge's ruling stated, "* * * Where improper reference is made to insurance, or an insurance agent, by the witness, as was here done, and for which the plaintiff is not responsible, it seems that the only remedy that the Court can give is to grant a motion to strike out the objectionable testimony and to instruct the jury to disregard it. * * *"

In *McLeod v. Rose,* 231 S. C. 209, 97 S. E. (2d) 899, defendant's witness on cross-examination mentioned the insurance adjuster. Defendant moved for a mistrial which was denied and the jury instructed to disregard the answer and any mention of insurance. This Court held the line of cases holding it error to refuse a mistrial where plaintiff's counsel deliberately injects information to the effect that the defendant has liability insurance are not applicable. The same reasoning applies in instant case, in that here the defendant's witness on direct examination and in response to the question propounded mentioned insurance.

The defendant next alleges that the Court erred in not charging that Section 46-306(4) (a), Code of Laws of South Carolina, 1952, was controlling under the facts of this case. Judge Bates in his charge to the jury did not specifically charge by title the requested Code Section; however, his general charge contained Section 20-74, 4(a), Ordinances of the City of Columbia, which is identical to the requested Section of the Code of Laws of South Carolina, 1952. Section 46-306(4) (a), Code of Laws of South Carolina, 1952, and Section 20-74, 4(a), Ordinances of the City of Columbia, both read as follows:

"* * * 4. Red with green arrow means that (a) Vehicular traffic facing such signal may cautiously enter the intersection only to make the movement indicated by such arrow but shall yield the right of way to pedestrians lawfully within a crosswalk and to other traffic lawfully using the intersection."

Defendant moved the jury be instructed that the requested charge was the law of the factual situation presented by the evidence and this was refused. The identical charge requested had previously been given and it is the jury's duty to apply the facts as it finds them to the law given in the instruction; it must be presumed that the jury could readily see that under the evidence Subsection 4(a) of Section 20-74, of the City Ordinances was controlling. The defendant was in nowise prejudiced in this refusal and there is no indication the jury was misled or confused by the given instructions. This exception is, therefore, overruled.

After rendition of the verdict, counsel for the defendant made motion for judgment *non obstante veredicto* or in the alternative for a new trial on the grounds that there was an insufficient showing that the plaintiff contracted pneumonia as a result of the accident and that the amount of punitive damages was so excessive as to indicate prejudice, bias and caprice on the part of the jury.

In regard the motion for judgment *non obstante veredicto,* this Court has stated:

"The nature of such a motion in our practice is defined in rule 79 of the Rules of the Circuit Court which was promulgated in 1942. It is only appropriate when a motion was formerly made by the movant for direction of verdict in his favor, which first motion was not granted when made. There is no magic in the motion and it is merely revival after adverse verdict of a timely motion made before for contrary direction of the verdict. Thus the refusal of the motion in this case and the appeal therefrom brings up for review only the action of the trial court upon the appellant's

motion for directed verdict made at the close of all of the evidence. It is the same as if the appeal were from the original refusal to direct the verdict in favor of the movant, the appellant. *Gleaton v. Southern Ry. Co., et al.*, 208 S. C. 507, 38 S. E. (2d) 710. Also, see *Standard Warehouse Co. v. Atlantic Coast Line R. Co.*, 222 S. C. 93, 71 S. E. (2d) 893."

Defendant made no motion for a directed verdict at any time during the trial or at the conclusion of plaintiff's case, the defendant's motions for judgment *non obstante veredicto* were properly denied by Judge Bates' Order of December 4, 1961.

Motion for a new trial based upon insufficiency of evidence is addressed to the sound discretion of the trial Judge, *Scott v. Russ*, 211 S. C. 526, 46 S. E. (2d) 152, and his ruling thereon will not be disturbed unless there is shown an abuse of discretion. *Porter-Constructors v. Dixon Motor Service Co.*, 171 S. C. 396, 172 S. E. 419; *Ford v. A. A. A. Highway Express, Inc.*, 204 S. C. 433, 29 S. E. (2d) 760, and cases cited therein. In the present case the evidence presented in regard to whether plaintiff contracted pneumonia as a result of the accident was conflicting; however, it was sufficient to require the submission of that question to the jury. Further, no motion was made to eliminate as an element of plaintiff's damage the allegation of his having contracted pneumonia as a result of the accident. The amount of actual damage found by the jury was identical to the amount stipulated as being defendant's repair bill; however, in cases of this type where more than one element of damage may be present, it is usually impossible to determine upon what grounds the jury based its verdict. A review of the record indicates there was sufficient evidence to support the jury's verdict, and we find no abuse of discretion by the trial Judge in denying the motion for new trial on grounds of insufficient evidence.

Defendant further contends that the trial Judge erred in failing to grant a new trial on the grounds that the punitive damages awarded indicate prejudice, bias

and passion on the part of the jury. Such motion is addressed to the sound discretion of the trial Judge and is only subject to review by this Court to determine whether there was an abuse of discretion. *Miller v. Atlantic Coast Line R. Co., et al.,* 225 S. C. 217, 81 S. E. (2d) 335. Defendant appears to rely strongly on the fact that the $3,440-.00 punitive damages are disproportionately high in comparison to the $310.00 actual damages awarded by the jury. "This court has consistently refused to set aside verdicts on the grounds of excessiveness unless there is a showing that such is the result of caprice, passion, prejudice, or other consideration outside the evidence." *Jennings v. McCowan,* 215 S. C. 404, 55 S. E. (2d) 522. This Court will reverse the refusal of a motion for new trial on this ground only when the verdict is so grossly excessive as to shock the conscience of the Court. *Brabham v. Southern Asphalt Haulers, Inc. et al.,* 223 S. C. 421, 76 S. E. (2d) 301. Defendant contends that the fact he is shown to be a Catholic Monk, whose wealth is known to be nonexistent, indicates that the jury's award of punitive damages was motivated by prejudice, bias or passion. The financial ability of a defendant is always a factor to be considered by the jury in awarding punitive damages, *Charles v. Texas Co.,* 199 S. C. 156, 18 S. E. (2d) 719; however, there is no requirement that the defendant be a man of means before the jury is justified in awarding punitive damages. We cannot say that the award of $3,440.00 punitive damages is so exorbitant as to shock the conscience of the Court or indicates that the trial Judge abused his discretion in refusing defendant's motion for a new trial.

For the foregoing reasons, we are of opinion that all exceptions should be dismissed and the judgment of the trial Court affirmed, and *it is so ordered.* Affirmed.

Moss, LEWIS and BRAILSFORD, JJ., and LEGGE, Acting Associate Justice, concur.