20697

Thomas L. THOMPSON, Respondent, v. HOME SECURITY LIFE
INSURANCE,

(244 S. E. (2d) 533)

*Rembert D. Parler,* Spartanburg, *for appellant.*

*Barney O. Smith, Jr.,* Greenville, and *George H. Thoma-son,* Spartanburg, *for respondent.*

May 22, 1978.

NESS, Justice:

This action for fraudulent breach of contract accompanied by a fraudulent act was instituted by respondent Thompson against appellant insurance company. This appeal is from a jury verdict for Thompson of $433.00 actual damages and $12,500.00 punitive damages. We affirm.

Respondent was insured by appellant's predecessor, Palmetto State Life Insurance Company, by policy issued January, 1975. In March or early April of 1976, an agent of appellant approached respondent and, during casual conversation, respondent disclosed he was a diabetic. The agent allegedly proposed a plan whereby Thompson would apply for increased coverage in lieu of his existing policies.

On May 20, 1976, respondent entered the hospital for treatment of his diabetic condition. Either during or shortly after his hospitalization, the new policies were delivered to him. Prior to their delivery, the insurance company received a credit report from Equifax which also revealed respondent's diabetes.

Following his release, respondent sought to obtain benefits under his policies. Initially, appellant denied coverage for non-payment of premiums; subsequently, appellant admitted the premiums were in fact paid. Appellant then denied benefits on the basis of respondent's non-disclosure of his diabetic condition. This litigation ensued.

■ In order to recover punitive damages for breach of contract, the plaintiff must show the breach was accomplished with a fraudulent intention and was accompanied by a fraudulent act. *Williams v. Metropolitan Life Ins. Co.,* 173 S. C. 448, 176 S. E. 340 (1934); *Gavin v. N. C. Mutual Ins. Co.,* 265 S. C. 206, 217 S. E. (2d) 591 (1975).

■ Here, the fraudulent intent is provided by the agent's alleged scheme to defraud respondent of his existing coverage upon learning that respondent had diabetes.

The fraudulent act existed in appellant's issuance and delivery of the replacement policies with knowledge of respondent's diabetes. Further evidence of fraud by appellant in its denial of coverage on the basis of non-payment of premiums when in fact the premiums had been paid. We conclude there was sufficient evidence of fraud by appellant to support the punitive damage award.

Appellant next excepts to a portion of the trial judge's charge on the ground that it implies that punitive damages are recoverable for a wanton or bad faith cancellation of the policy. We believe the judge's charge, when taken as a whole, was adequate. *Ellison et al. v. Simmons,* 238 S. C. 364, 120 S. E. (2d) 209 (1961); *Dickard v. Merritt,* 256 S. C. 458, 182 S. E. (2d) 886 (1971).

Appellant asserts the trial court erred in failing to reduce the verdict for punitive damages. This is without merit. There is no mathematical rule on the proportion which punitive damages should bear to actual damages. *Charles v. Texas Co. et al.,* 199 S. C. 156, 18 S. E. (2d) 719 (1942). The amount awarded is peculiarly within the judgment and discretion of the jury, subject to the supervisory power of the judge. *Hicks v. Herring,* 246 S. C. 429, 144 S. E. (2d) 151 (1965).

Appellant contends the trial court erred in settling the record on appeal. We conclude the trial judge settled the record consistent with Circuit Court Rule 49. Accordingly, this exception has no merit.

Appellant excepts to the award of $2,000.00 attorneys' fee pursuant to Section 38-9-320 of the Code of Laws of South Carolina which empowers the trial judge to determine reasonable fees where an insurer refuses to pay a claim in bad faith or without reasonable cause. As the verdict indicates a finding of breach of contract accompanied by fraudulent act, the award was not erroneous. See

*Coker v. Pilot Life Ins. Co.,* 265 S. C. 260, 217 S. E. (2d) 784 (1975).

Respondent has requested this Court to set appellate attorneys' fees. We conclude $500.00 is a reasonable fee and direct appellant to pay respondent this amount:

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.