0136

Karen MYLIN, Respondent, v. ALLEN-WHITE PONTIAC, INC., Appellant.
(314 S. E. (2d) 354)

Court of Appeals

*William B. Regan* and *Donald M. Williams,* of *Regan & Williams,* Charleston, *for appellant.*

*Alan D. Toporek,* of *Uricchio, Howe & Krell,* Charleston, *for respondent.*

Submitted Feb. 22, 1984.

Decided March 26, 1984.

SANDERS, Chief Judge:

Respondent Karen Mylin sued appellant Allen-White Pontiac, Inc., alleging fraud in the sale of a used car. The jury

returned a verdict for Ms. Mylin in the amount of $5,000 actual damages and $20,000 punitive damages. We affirm.

Ms. Mylin testified she purchased a used car from Allen-White and was told by the salesman, one Jerry Cook, that the car was "like new," having been returned or repossessed due to financing difficulties experienced by its previous owner. Her father, who was present at the time, asked if the car had ever been involved in an accident and was told "absolutely not." A week later, Ms. Mylin had her car inspected at a service station and became concerned about it. She returned to Allen-White, and the used car manager, one Floyd Daily, also inspected the car. He told her it had been in a "little fender bender" and, although no future problems were anticipated, Allen-White would make any further necessary repairs at its expense or give Ms. Mylin a refund.

Ms. Mylin then began having numerous problems with the car and over the next six months took it back for repairs approximately every ten days. The general sales manager, one Ray Carpenter, then told her the car had been involved in a major front-end collision and loaned her another car to drive while Allen-White attempted to repair the car. When it was returned to her after about a month, the repairs still had not been made. She then consulted a lawyer and eventually brought suit.

An expert in automobile repair testified in detail concerning the various problems with the car. In his opinion, it would not be "any trouble whatsoever" for a "professional" to determine the car had been in an accident. He further testified the car was not safe to drive, and the cost to repair it would exceed its value.

The previous owner of the car testified she had purchased the car new in her hometown of Annapolis, Maryland. Approximately three weeks later, her daughter fell asleep while driving the car and ran head-on into a telephone pole. Her insurance company paid her for a total loss and that was her last contact with the car.

Salesman Jerry Cook testified he did not know the car had been wrecked and did not remember being asked about this. Salesman Ray Carpenter testified there were no records at Allen-White indicating the car had been wrecked, and the extent of its damage was not discovered until efforts were made to repair it.

The owner of Allen-White testified the car was bought at an auction in Darlington, South Carolina, and there had been no contact with the previous owner. He further testified it was the policy of Allen-White to offer refund on a car found to have been wrecked, as was the case here.

## I

Allen-White first argues the trial judge erred in refusing its motions for nonsuit, directed verdict, judgment notwithstanding the verdict and new trial.

The elements which must be proved in an action for fraud based on a representation are (1) a representation, (2) falsity, (3) materiality, (4) knowledge of falsity or a reckless disregard of its truth or falsity, (5) intent that the representation be acted upon, (6) the hearer's ignorance of its falsity, (7) the hearer's reliance upon truth, (8) the hearer's right to rely thereon, and (9) the hearer's consequent and proximate injury. *Moorhead v. First Piedmont Bank and Trust Company*, 273 S. C. 356, 256 S. E. (2d) 414 (1979). These elements must be proved by clear, cogent and convincing evidence. *Lundy v. Palmetto State Life Insurance Company*, 256 S. C. 506, 183 S. E. (2d) 335 (1971).

In determining motions for nonsuit, directed verdict, judgment notwithstanding the verdict and new trial, the evidence and all reasonable inferences which can be drawn from it must be viewed in the light most favorable to the non-moving party. *Skipper v. Hartley*, 242 S. C. 221, 130 S. E. (2d) 486 (1963).

In our view, the evidence here is adequate to support both submission of the case to the jury and the verdict which the jury rendered.

The only element of fraud on which sufficiency of proof is seriously challenged is element (4). Ms. Mylin's complaint, as originally drafted, alleged only a knowingly false representation, with no alternative allegation of reckless disregard for truth or falsity. Allen-White argues that at the point of its motion for nonsuit there was no evidence it actually knew the representation as to the car was false. We reject this argument. It is inherently difficult to prove what was in another person's mind at a time past. This is particularly true where the "person" is a corporation. For this reason, actual knowl-

edge usually must be proved circumstantially, taking into account all inferences which can be reasonably drawn from the evidence.

In *Gary v. Jordan*, 236 S. C. 144, 113 S. E. (2d) 730 (1960), our Supreme Court recognized that fraud can ordinarily be established only by circumstantial evidence. The court went on to hold that "knowledge of the falsity of a representation is legally inferable where one makes it as of his personal knowledge, realizing that he is without information as to its truth, and recklessly disregarding that lack of information."

The later case of *Aaron v. Hampton Motors, Inc.*, 240 S. C. 26, 124 S. E. (2d) 585 (1962), presents facts similar to those in the instant case. There, a Hampton Motors salesman made a representation to the buyer of a used car that the car's mileage was approximately 16,000. After having mechanical problems with the car which required major repairs to the engine, the buyer discovered the car's actual mileage was over 55,000. He then brought an action seeking damages for fraud and deceit based upon misrepresentation. The court rejected the argument that Hampton Motors had no knowledge of the falsity of the representation concerning mileage. Citing *Gary*, the court held such knowledge is inferable from a statement made with reckless disregard of the speaker's lack of personal information as to its truth. There, as here, the salesman made the representation.

According to the testimony of the previous owner of Ms. Mylin's car, it had been involved in an accident amounting to a total loss. The expert witness testified similarly that it would cost more to repair the car than it was worth. He further testified it would not be "any trouble whatsoever" for a "professional" to determine that the car had been in an accident. Viewing this evidence in the light most favorable to Ms. Mylin, it can be reasonably inferred that Allen-White knew the car had been in a serious accident. The trial judge was therefore correct in denying the motion for nonsuit.

Allen-White then proceeded to present testimony that it did not know the history of the car. At the close of all evidence, the trial judge allowed the complaint to be amended so as "to conform to both the law of fraud and the evidence which was presented during the course of trial." This amendment had

the effect of adding the additional allegation that the representation of Allen-White was made in reckless disregard of its truth or falsity. If the trial judge was correct in allowing the complaint to be so amended, then he was obviously also correct in denying the remaining motions of Allen-White.

II

Allen-White next argues the trial judge erred in allowing Ms. Mylin's complaint to be amended at the close of the evidence, citing in support of its position *Greenville Community Hotel Corporation v. Alexander Smith, Inc.*, 230 S. C. 239, 95 S. E. (2d) 262 (1956), and *Hood v. Security Insurance Co. of New Haven*, 247 S. C. 71, 145 S. E. (2d) 526 (1965). We also reject this argument.

In furtherance of justice, the court may amend any pleading, before or even after judgment, by inserting other material allegations. It may also do so when the amendment does not substantially change the claim or defense and conforms the pleading to the facts proved. S. C. Code Ann. § 15-13-920 (1976).

Courts have wide latitude in amending pleadings and, while this power should not be exercised indiscriminately or to surprise or prejudice an opposing party, the matter of allowing amendments is left to the sound discretion of the trial judge. His decision will not be overturned absent an abuse of discretion or unless manifest injustice has been done. *Anders v. Nash*, 256 S. C. 102, 180 S. E. (2d) 878 (1971); *Lipscomb v. Poole*, 247 S. C. 425, 147 S. E. (2d) 692 (1966).

We have examined the cases cited by Allen-White on this point and find them distinguishable. In *Greenville Community Hotel Corporation*, the court reversed the trial judge for allowing an amendment because it did not pertain to the cause of action set forth in the original complaint but substituted a wholly unrelated cause of action. The court held that the term "amendment" connotes alteration, improvement or correction, and negates the destruction or elimination of the original.

In *Hood*, the court affirmed the trial judge for refusing an amendment to add an act of fraud which was unrelated to the act originally pleaded. Allen-White argues the effect of allow-

ing the amendment here was to add a new ground of fraud, *i.e.* the representation of manager Daily, whereas the complaint prior to amendment was based only on the representation of salesman Cook. In light of the evidence here, we view the effect of this amendment otherwise. Allen-White first represented to Ms. Mylin, through Cook, that the car had never been in an accident. Then, when challenged on the representation made by Cook, Allen-White modified it by a further representation through Daily that the accident was only a "little fender bender." It is therefore apparent that the second representation was related to the first.[1] Significantly, Allen-White made no objection to testimony of the representation by Daily and, in fact, elicited similar testimony during its direct examination of Cook.

For these reasons, we hold the amendment which the trial judge allowed did not amount to a substantial change in Ms. Mylin's claim, but rather was an alteration, correction or improvement of her complaint and conformed its allegations to the facts proved. No additional cause of action or unrelated act of fraud was added. Thus it does not appear Allen-White was surprised or prejudiced by this amendment. Accordingly, we find no manifest injustice or abuse of discretion by the trial judge.

### III

Finally, Allen-White argues the trial judge erred in refusing to grant a new trial (absolute or nisi) on the ground the verdict for punitive damages was excessive.

There is no mathematical formula as to the proportion punitive damages bear to actual damages. Instead, the amount awarded is peculiarly within the judgment and discretion of the jury, subject to the supervisory power of the trial judge. *Thompson v. Home Security Life Insurance*, 271 S. C. 54, 244 S. E. (2d) 533 (1978). A motion for a new trial

---

[1] *Cf. Young v. Goodyear Service Stores*, 244 S. C. 493, 137 S. E. (2d) 578 (1964) (Sales manager represented a used washing machine as being new at the time of sale as well as after complaints from buyer. Later, after buyer discovered the machine had been previously owned, another sales manager told him he would get back in touch with him, but never did so. Court held subsequent conduct and statements made by an agent are relevant to show the mental attitude of principal or agent at the time of earlier false representation.)

based on an excessive verdict is addressed to the sound discretion of the trial judge and is not subject to review absent an abuse of discretion. *Norton v. Ewaskio,* 241 S. C. 557, 129 S. E. (2d) 517 (1963). Before a verdict can be set aside based on excessiveness, it must be shown that it is the result of caprice, passion or prejudice and is so grossly excessive as to shock the conscience of the court. *Norton.* In order to grant a new trial nisi, the trial judge must find the verdict excessive in the sense that it indicates undue liberality on the part of the jury. *Younger v. Warr,* 252 S. E. 179, 165 S. E. (2d) 797 (1969).

In assessing punitive damages, consideration should be given to the character of the tort committed, the punishment which should be meted out and the ability of the wrongdoer to pay. *Hicks v. Herring,* 246 S. C. 429, 144 S. E. (2d) 151 (1965). The parties here stipulated the net worth of Allen-White was $350,000.

Based on these considerations and the record before us, we find no abuse of discretion by the trial judge in refusing to grant a new trial based on an excessive verdict for punitive damages.

For these reasons, judgment is

Affirmed.

SHAW and BELL, JJ., concur.