1133

Pamela DURHAM, Respondent v. Stephen A. CLEMENTS, Appellant.
(367 S. E. (2d) 174)

Court of Appeals

*Edward R. Cole,* of *Drennan, Shelor, Cole & Evans,* Spartanburg, *for appellant.*

*Ernest J. Howard* and *T. Preston Reid* of *Howard, Howard, Francis & Reid,* Greenville, *for respondent.*

Heard March 21, 1988.

Decided April 11, 1988.

SHAW, Judge:

Respondent, Pamela Durham, sued appellant, Stephen A. Clements, for damages arising from an automobile accident. Clements appeals the denial of his motions for a new trial on punitive damages, and, alternatively, a new trial absolute. We affirm.

On September 21, 1984, Clements, travelling in the opposite direction of Ms. Durham, crossed over into Ms. Durham's lane of traffic resulting in a head-on collision. After the introduction of evidence concerning liability and damages, the jury returned a verdict in favor of Ms. Durham

for $45,861.69 actual damages and $150,000 punitive damages. Clements does not challenge liability on the award of actual damages, but contends the award of punitive damages was excessive.

The actual damage figure of $45,861.69 is equal to the exact amount of Ms. Durham's medical bills and lost wages. The trial judge surmised the jury figured in pain and suffering under punitive damages instead of actual damages. He, nevertheless, concluded the amount of punitive damages was not so shocking as to shock the conscience of the court nor out of line with damages awarded in cases of this sort. We agree.

In ruling on the denial of a motion for a new trial, we must consider the evidence in the light most favorable to the non-moving party. *Graham v. Whitaker*, 282 S. C. 393, 321 S. E. (2d) 40 (1984). We will assume the truth of the evidence that supports the recovery of punitive damages. *Cash v. Kim*, 288 S. C. 292, 342 S. E. (2d) 61 (Ct. App. 1986).

The evidence in the record shows Clements was driving in an extremely reckless manner. He was travelling between 50 and 65 miles per hour in a 35 mile per hour zone. The traffic was heavy as it was lunchtime and the parties were driving on a well travelled road. Clements was cutting in and out of traffic "shooting the gaps" while talking with his passenger instead of paying attention to the traffic. Upon reaching a truck stopped before him, he swerved, crossed the median and hit Ms. Durham head-on in her lane.

There is no mathematical formula for determining the proportion punitive damages should bear to actual damages, but such an award is peculiarly within the judgment and discretion of the jury, subject to the supervisory power of the trial judge. *Mylin v. Allen-White Pontiac, Inc.*, 281 S. C. 174, 314 S. E. (2d) 354 (Ct. App. 1984). A motion for a new trial based on an excessive verdict is addressed to the sound discretion of the trial judge and will be upheld unless the verdict is wholly unsupported by the evidence or so excessive as to be the result of caprice, passion or prejudice and is so grossly excessive as to shock the conscience of the court. *Mylin, supra; Jenkins v. Dixie Spe-*

*cialty Co., Inc.,* 284 S. C. 425, 326 S. E. (2d) 658 (1985).

 In assessing an award of punitive damages, the court should consider the character of the tort committed, the punishment which should be given and the ability of the wrongdoer to pay. *Mylin, supra.* While there is no evidence before us concerning Clements' financial condition, viewing the record before us, we find no abuse of discretion by the trial judge in denying Clements' motion for a new trial nisi or, in the alternative, new trial absolute.

Affirmed.

CURETON and GOOLSBY, JJ., concur.