478 S.E.2d 57

**SOUTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant,**

v.

**LOVE CHEVROLET, INC., Respondent.**

**No. 24516.**

Supreme Court of South Carolina.

Heard May 7, 1996.
Decided Nov. 4, 1996.

John B. Allen, Jr. of Allen, Gantt & Best, Columbia, and James B. Richardson, Jr. of Svalina, Richardson & Smith, Columbia, for appellant.

Beverly A. Carroll and Daniel J. Ballou, both of Kennedy, Covington, Lobdell & Hickman, Rock Hill, for respondent.

WALLER, Justice:

On appeal is an order of the circuit court reducing the jury's punitive damage award by one half. We find no abuse of discretion in the judge's reduction of the verdict and, accordingly, we affirm.

## FACTS

South Carolina Farm Bureau Insurance (Insurer) insured an automobile which was involved in an accident. The vehicle was towed to Love Chevrolet for repairs. Insurer paid $4258.86 for repairs, which included $1126.00 for repairs to the transmission. Insurer subsequently brought this action for fraud contending Love had performed no repairs on the transmission.[1] The jury returned a verdict of $5,000.00 actual and $50,000.00 punitive damages on Insurer's fraud claim. Love moved to strike the award of punitive damages. The trial judge, noting that he was required to do so by this Court's opinion in *Gamble v. Stevenson*,[2] conducted a post-verdict review. After consideration of the relevant factors, the trial court found that this was an isolated incident, and that the corporate defendant was not aware of any concealment.[3] Accordingly, he reduced the punitive damage award to $25,000.00. Insurer filed no post trial motions.

## ISSUE

Did the trial court abuse its discretion in reducing the punitive damage award?

## DISCUSSION

Punitive damages have long been available in this state as a means of redressing egregious wrongs. *See Genay v. Norris*, 1 S.C.L. 6 (1 Bay 6) (1784). *See also Pepoon v. Clarke*, 8 S.C.L. 137 (1 Mill Const. 137) (1817); *Thomasson v. Southern*

---

1. Love maintained throughout trial that the repairs had, in fact, been performed.

2. 305 S.C. 104, 406 S.E.2d 350 (1991). Pursuant to *Gamble*, a trial court must conduct a post-trial review of punitive damage awards and must consider the degree of culpability, duration of conduct, defendant's awareness or concealment, similar past conduct, deterrent effect of the award, whether the award is related to the harm, the defendant's ability to pay, and other factors as the trial court deems appropriate.

3. The United States Supreme Court has recently recognized that the single most important indicium of the reasonableness of a punitive damage award is the degree of reprehensibility of the defendant's conduct. *BMW of North America, Inc., v. Gore,* —— U.S. ——, 116 S.Ct. 1589, 134 L.Ed.2d 809 (U.S.Sup.Ct. filed May 20, 1996).

*Railroad,* 72 S.C. 1, 51 S.E. 443 (1905); *Eaddy v. Greensboro–Fayetteville Bus Lines,* 191 S.C. 538, 5 S.E.2d 281 (1939).

Historically this Court has held that a punitive damage award is warranted only when the defendant's conduct is shown to be willful, wanton, or in reckless disregard of the rights of others. *Wise v. Broadway,* 315 S.C. 273, 433 S.E.2d 857 (1993); *Cartee v. Lesley,* 290 S.C. 333, 350 S.E.2d 388 (1986); *Gilbert v. Duke Power,* 255 S.C. 495, 179 S.E.2d 720 (1971); *Hinson v. AT Sistare Constr. Co.,* 236 S.C. 125, 113 S.E.2d 341 (1960); *Rogers v. Florence Printing Co.,* 233 S.C. 567, 106 S.E.2d 258 (1959). Accordingly, trial judges in this state have long been required, as a threshold matter, to assess the culpability of a defendant's conduct to determine whether punitive damages are available in a given case (i.e., whether the issue should be submitted to the jury). *See e.g., Crossley v. State Farm Ins. Co.,* 307 S.C. 354, 415 S.E.2d 393 (1992); *Scoggins v. McClellion,* 321 S.C. 264, 468 S.E.2d 12 (Ct.App. 1996). Once the trial judge determines a punitive damage award is warranted under the facts of a case, the amount to be assessed has historically been measured by the jury against the character of the wrong committed, the punishment to be applied, and the ability of the defendant to pay. *Reid v. Kelly,* 274 S.C. 171, 262 S.E.2d 24 (1980).

In reviewing the jury's assessment of punitive damages, we have traditionally held that the amount of such awards is subject to the supervisory powers of the trial court. *Thompson v. Home Security Life Ins.,* 271 S.C. 54, 244 S.E.2d 533 (1978); *Durham v. Clements,* 295 S.C. 90, 367 S.E.2d 174 (Ct.App.1988). We have repeatedly held that the trial judge alone has the power to grant a new trial *nisi* when he finds the amount of the verdict to be merely inadequate or excessive. *McCourt v. Abernathy,* 318 S.C. 301, 457 S.E.2d 603 (1995); *O'Neal v. Bowles,* 310 S.C. 483, 427 S.E.2d 652 (1993); *Hicks v. Herring,* 246 S.C. 429, 144 S.E.2d 151 (1965).[4] The rationale for vesting such discretion in the trial court was

---

4. Only when a verdict is so grossly excessive so as to shock the conscience of the court and clearly indicates the figure reached was the result of caprice, passion, prejudice, partiality, corruption, or other improper motives, is the court required to grant a new trial absolute. *Cock–N–Bull Steak House v. Generali Ins.,* 321 S.C. 1, 466 S.E.2d 727 (1996). *Rush v. Blanchard,* 310 S.C. 375, 426 S.E.2d 802 (1993).

aptly expressed in *Lucht v. Youngblood,* 266 S.C. 127, 138, 221 S.E.2d 854, 860 (1976): "[t]he reasonableness of the verdict was challenged before the trial judge and he reduced it. The fact that he heard the evidence and was more familiar than we with the evidentiary atmosphere at trial give him, we think, a better informed view than we have." It is fundamental that a trial judge's ruling on these motions is discretionary and will not be reversed on appeal absent an abuse of that discretion. *Cock–N–Bull, supra; Rush v. Blanchard,* 310 S.C. 375, 426 S.E.2d 802 (1993); *Fennell v. Littlejohn,* 240 S.C. 189, 125 S.E.2d 408 (1962).

Against this backdrop came our opinion in *Gamble v. Stevenson,* 305 S.C. 104, 406 S.E.2d 350 (1991). *Gamble* was decided in response to the United States Supreme Court's decision in *Pacific Mutual Life Insurance Company v. Haslip,* 499 U.S. 1, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991). In *Haslip,* the Court addressed the due process implications of punitive damage awards. In that case, Pacific Mutual, against whom the jury had assessed an $840,000 punitive damage award, challenged such awards in Alabama "as the product of unbridled jury discretion and as violative of its due process rights." 499 U.S. at 7, 111 S.Ct. at 1037, 113 L.Ed.2d at 13. The United States Supreme Court upheld the award finding that Alabama's scheme of jury instructions, when coupled with post-trial procedures for scrutinizing such awards and appellate review, were sufficient to afford defendants against whom such awards are imposed due process.

In response to *Haslip,* this Court decided *Gamble.* In accordance with *Haslip,* we set forth an eight-factor post-verdict review which trial courts are in this state are now required to conduct to ensure the amount of an award is constitutionally permissible. However, *Gamble* adhered to the view that the trial judge is vested with considerable discretion over the amount of a punitive damage award, and that this Court's review is limited to correction of errors of law.

Accordingly, it is clear that *Gamble* did not alter the discretion historically afforded to trial courts of this state to reduce, or add to, verdicts which they find inadequate or excessive. *Gamble* merely draws a bright line at which a trial court must reduce a punitive damage award, to ensure the

defendant's due process rights have not been violated. *Gamble* did not, however, hold that a trial judge may only reduce a damage award upon finding a due process violation, nor did it overrule prior precedent permitting the trial judge to exercise its discretion in reducing, or adding to, verdicts it finds overliberal.

In light of *Gamble*, there are now three stages in this state to a trial court's review of punitive damages. First, the court must determine whether the defendant's conduct rises to the level of culpability warranting a punitive damage award. If not, the issue of punitive damages may not be submitted to the jury. If so, the jury should be adequately instructed to assess an appropriate amount of damages. Second, the trial judge must conduct a post-trial *Gamble* review to ensure that the award does not deprive the defendant of due process. If the award is determined to violate the defendant's due process rights, then the trial court must either grant a new trial absolute, or a new trial *nisi* remittitur. If the award is determined not to violate the defendant's due process rights, then the trial court reaches the third inquiry, to wit, whether, in the exercise of its discretion, it finds the award excessive or inadequate. If the verdict is not excessive, it may stand. If the trial judge finds the award excessive or inadequate, he may grant a new trial nisi additur or remittitur. *Hicks v. Herring, supra.*

It is abundantly clear from the record in this case that the trial judge, in the exercise of his discretion, found the punitive damage award excessive. Nothing in our opinion in *Gamble* requires a finding of a due process violation prior to reducing a punitive damage award, nor does precedent support such a view. As it was clearly within the judge's discretion to reduce the damage award in this case, the judgment below is

**AFFIRMED.**[5]

FINNEY, C.J., and TOAL, MOORE and BURNETT, JJ., concur.

---

[5]. Insurer's remaining issue is unpreserved and, accordingly, we decline to address it. *Smith v. Phillips,* 318 S.C. 453, 458 S.E.2d 427 (1995); *Talley v. South Carolina Higher Educ. Tuition Grants Comm.,* 289 S.C. 483, 347 S.E.2d 99 (1986).