## 10518

### LANTER *ET AL.* v. SO. STATES LIFE INS. CO.
#### (104 S. E. 193.)

1. APPEAL AND ERROR—REFUSAL OF NEW TRIAL ON EVIDENCE PREVIOUSLY HELD NOT TO AUTHORIZE DIRECTED VERDICT PROPER.—Where the testimony at a second trial was practically the same as upon the former trial, when a verdict for defendant was directed, which was

held error by the Supreme Court, the trial Judge properly overruled defendant's motion for new trial after verdict for plaintiff based on the ground that evidence was insufficient to sustain the verdict.

2. APPEAL AND ERROR—EXCEPTIONS TO ADMISSION OF EVIDENCE MUST SHOW PREJUDICE.—Exceptions to the admission of evidence at the trial cannot be sustained where they do not show that there was prejudicial error.

3. WITNESSES — CONVERSATION WITH DECEASED COMPETENT AGAINST INSURANCE COMPANY.—In an action on a life insurance policy, where the defense was suicide, plaintiff can testify to conversations with insured before his death, since defendant is not defending as representative of the deceased, so that Code Civ. Proc. 1912, sec. 438, is not applicable.

4. ABATEMENT AND REVIVAL—JUDGMENT FOR PLAINTIFF HELD PROPER NOTWITHSTANDING FAILURE TO SUBSTITUTE REPRESENTATIVES OF DECEASED PLAINTIFF.—Where one of the three plaintiffs had died before the trial, but no administrator had been substituted, it was not error to render judgment against defendant for that plaintiff's interest in the insurance policy, where the undisputed evidence showed that he left no estate, except his interest in the policies, and no debts, and that his only heirs at law and distributees were the other plaintiffs.

5. DEPOSITIONS — ADMISSIONS MAY BE READ WITHOUT PERMITTING WHOLE TO BE READ.—Plaintiff can at the trial read from a deposition taken on behalf of defendant, which was incompetent, admissions made by defendant's counsel in open Court without permitting the other parts of the deposition to be read in evidence.

6. TRIAL—REGARDLESS OF AFFIRMATIVE DEFENSE, PLAINTIFF HAS OPENING WHERE SOME ALLEGATIONS OF COMPLAINT ARE DENIED.—In action on an insurance policy, plaintiff has right to the opening and reply arguments, though the principal question in controversy was whether insured committed suicide, on which issue defendant had the burden of proof, as some of the allegations of the complaint were denied, so as to require proof of those allegations on behalf of plaintiff.

Before MOORE, J., Spartanburg, Winter term, 1920. Affirmed.

Action by Elizabeth S. Lanter (formerly MacKendree) *et al.* against the Southern States Life Insurance Company on two life insurance policies upon the life of S. M. MacKendree. From judgment for plaintiffs, the defendant appeals.

The defendant's exceptions were as follows:

(1) That the presiding Judge erred in not granting a new trial on the following ground: "There being no evidence of foul play, and the only evidence which was offered being that the deceased committed suicide, and this evidence being of such an overwhelming nature as to overcome the presumption of accident, it is respectfully submitted that the jury failed to follow the instruction of the Court, and that their verdict is against the greater weight or preponderance of the evidence"—the error being that in the absence of any evidence of foul play or of accident, and the evidence of suicide being of such an overwhelming nature as to overcome the presumption of accident, the question became one of law for the Court.

(2) That the presiding Judge erred in allowing Mrs. Margaret Creamer and other witnesses for the plaintiffs to testify to conversations with the deceased during his lifetime; the error being that such evidence is hearsay and is not admissible.

(3) That the presiding Judge erred in allowing Mrs. Elizabeth S. Lanter, one of the plaintiffs and a beneficiary under intestate's policy, to testify to conversations had with the deceased during his lifetime; the error being that such testimony is not admissible by a person who has such a legal and equitable interest in the event of the action.

(4) That the presiding Judge erred in not directing a verdict in so far as the interest of Seaborn Marshall MacKendee, Jr., was concerned, in that the testimony shows that since suit was brought this plaintiff died intestate, and no administration has been appointed over his estate, nor substitution had in this suit; the error being that the verdict, in so far as this one-third interest is concerned, is improper, as said deceased was not properly represented in said action.

(5) That the presiding Judge erred in not granting a new trial and setting aside the verdict and judgment in so far as the interest of Seaborn Marshall MacKendree, Jr.,

was concerned, because since suit was brought the said Seaborn Marshall MacKendree, Jr., died intestate, no administration has been appointed over his estate, nor substitution had in his behalf; the error being that he was not properly represented in said action, and that any verdict or judgment in behalf of his estate is improper.

(6) That the presiding Judge erred in ruling out the following answer of Chief R. H. Moore to the following question: "Q. In suicide cases that have come under your observation in what part of the body was the wound inflicted? A. All that I have seen have been in the right side of the head"—the error being that this question and answer were competent and tended to sustain the evidence of suicide.

(7) That the presiding Judge erred in ruling out the following answer of Chief R. H. Moore to the following question: "Q. From your experience in suicide cases and in other cases by gunshot wounds, and from your observation of the circumstances surrounding this case and of the weapon used, and the conditions you found there, state whether or not, in your opinion, Mr. MacKendree came to his death by his own hand or by the hand of someone else. A. In my opinion, he came to his death by his own hand"—the error being that this question and answer were competent and tended to sustain the evidence of suicide.

(8) That the presiding Judge erred in ruling out the following answer of Chief R. H. Moore to the following question: "Q. In your opinion, would you say that his death was suicidal or accidental? A. Suicidal"—the error being that this question and answer were competent and tended to show suicide.

(9) That the presiding Judge erred in ruling out the following answer of Dr. C. S. McLaughlin to the following question: "Q. Doctor, when you looked at him and saw his condition, why didn't you think that there was anybody to try or any reason to testify in this case? A. I thought it was suicide"—the error being that this question and answer

were directly in reply to plaintiffs' cross-examination of witness and tended to show suicide.

(10) That the presiding Judge erred in allowing plaintiffs to read in Court from a part of the deposition of Dr. Kendrick without requiring plaintiffs to introduce and read to the jury the entire deposition; the error being that plaintiffs should not have been allowed to pick out and read that part of the deposition in their favor and be permitted to suppress other portions which were unfavorable to their cause.

(11) That the presiding Judge erred in not allowing defendant the opening and reply and argument, as the only issue made by the revised pleadings was that the deceased committed suicide; the error being that the defendant in argument should have had the opening and reply, since the burden was upon it to establish this affirmative defense.

The reason assigned by the presiding Judge for allowing plaintiffs to read a part of the depositions referred to in the tenth exception without permitting defendants to introduce the other part, were that the portions read from the depositions were admissions by counsel in open Court at the time of taking the deposition which need not be offered in evidence, but which could be referred to by any of the parties at any time.

*Messrs. A. J. Orme* and *H. E. DePass,* for appellant, cite: *Declarations of deceased in 1913 as to time he expected to live, hearsay:* 76 S. C. 19; 41 S. C. 526; *and should have been excluded under sec. 438, Code of Procedure 1912. No administrator for deceased plaintiff verdict should be directed as to his interest:* 16 S. C. 220; 26 S. C. 248; 6 Rich. L. 609; 84 S. C. 34; 58 S. C. 580; 72 S. C. 576. *Error to read part of deposition and not all of it:* 88 S. C. 281; 88 S. C. 47.

*Messrs. Bomar & Osborne,* for respondents, cite: *No necessity for administrator of deceased minor plaintiff:* 62 S. C. 436; 20 S. C. 350; 1 Rich. Eq. 1; 11 Rich. Eq. 401.

October 12, 1920.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

There was a former appeal herein (*MacKendree v. Southern States Life Ins. Co. of Alabama,* 112 S. C. 335, 99 S. E. 806). The action was on two life insurance policies issued by the defendant on the life of S. M. MacKendree. On the last trial the jury rendered a verdict against the defendant for the sum of $10,500.94, and the defendant appealed upon exceptions, which will be reported.

First Exception. The testimony on the last trial was practically the same as upon the former. When the prior appeal was heard, this Court ruled that there was error on the part of his Honor, the Circuit Judge, in directing a verdict, and in refusing to submit the issue of suicide to the jury. The exception is, therefore, overruled.

Second Exception. This exception cannot be sustained, for the reason that the appellant failed to show that there was prejudicial error.

Third Exception. Section 438 of the Code is not applicable, for the reason that the defendant is not defending the action as executor, administrator, heir at law, next of kin, assignee, legatee, devisee, or survivor of S. M. MacKendree, deceased. *Rapley v. Klugh,* 40 S. C. 134, 18 S. E. 680; *Norris v. Clinkscales,* 47 S. C. 488, 25 S. E. 797.

Fourth and Fifth Exceptions. The following is the reason assigned by his Honor, the presiding Judge, for refusing the defendant's motion: "It appears that since this case was begun S. Marshall MacKendree has died intestate, at the age of about 12 years, leaving no debts, according to the undisputed testimony on the trial herein, and leaving no estate except his interest in the policies of insurance sued upon in this action, and that his only

heirs at law and distributees are his brother and sister, plaintiffs herein."

The ruling of his Honor, the Circuit Judge, is sustained by the case of *Grant v. Poyas,* 62 S. C. 426, 40 S. E. 891.

Sixth, Seventh, Eighth, and Ninth Exceptions. These exceptions are overruled for the reason that the appellant has failed to show prejudicial error.

Tenth Exception. The reasons assigned by his Honor, the presiding Judge, for his ruling are satisfactory to this Court.

Eleventh Exception. This exception is overruled for the reason that the defendant denied certain allegations of the complaint, thereby putting them in issue and requiring proof on the part of the plaintiff.

Affirmed.