15872

SHULER v. HEITLEY
(39 S. E. (2d), 360)

*Mr. W. B. Martin,* of Orangeburg, for Appellant,

*Mr. J. Stokes Salley,* of Orangeburg, for Respondent,

September 10, 1946.

MR. ASSOCIATE JUSTICE FISHBURNE delivered the unanimous opinion of the Court.

This action was brought by the plaintiff against the defendant to recover damages in the sum of Twenty-Five

Hundred Dollars for the alleged destruction of a mercantile business in which he claimed to own a half interest, and for the loss of certain personal property.

Plaintiff alleged that in February, 1942, he entered into a partnership agreement with Mrs. Elizabeth Dryer to conduct a small mercantile business in combination with a gasoline filling station located in Orangeburg County. Under this agreement, the plaintiff was to own a one-half interest in the business and receive one-half the profits therefrom after the payment of all expenses.

Some time during the latter part of December, 1944, Mrs. Dryer suffered a severe illness, as a result of which she died January 21st or February 21st, 1945. The record is not clear as to the date of her death.

The action is based upon allegations that on or about January 1, 1945, the defendant, who was the son of Mrs. Dryer by a former marriage, entered the store after night, and when all the customers had left demanded of the plaintiff that he turn over to him all cash on hand, and surrender the possession of the store building, its contents and keys. When asked by the plaintiff by what authority he acted, he replied in a loud and threatening tone, "Nobody told me; I am doing this myself; this is my daddy's store and land, and I am going to take charge of it, and you got to get out."

It is further alleged that when the plaintiff refused to comply with the defendant's demands, the defendant drew a long-bladed knife and advanced upon him, threatening to cut him, whereupon plaintiff drew his gun upon the defendant, ordered him to get out of the store, which he reluctantly did, with threats against the plaintiff of physical violence.

The record tends to show that on January 3rd, the plaintiff, being afraid to return to the store alone, or to the home of Mrs. Dryer, where he had a room and kept his clothes, sought the aid of the local magistrate, who with

the plaintiff on that day went to the house and store with a list of the property claimed by plaintiff, and this personal property was delivered to him, save and except the sum of $500.00 cash, and two pairs of pants, which the plaintiff claimed were taken by the defendant.

In this action he seeks damages for the loss of these articles; and likewise for the loss of one-half of the goods, wares and merchandise in the store building, which the testimony shows were worth approximately $300.00. He characterized the actions of the defendant as being reckless, wanton and malicious.

The defendant entered a general denial, and alleged that he was acting as the agent of his mother, Mrs. Dryer, who owned the entire interest in the business; that the plaintiff was merely employed as a clerk to operate and manage the enterprise at a monthly salary. That, acting for his mother, he demanded an accounting from the plaintiff and upon the latter's refusal to account, discharged him and took possession of the business, and subsequently turned it over to the administrator of his mother's estate.

The jury returned a verdict for the plaintiff in the sum of $1,000.00, actual damages, and $500.00, punitive damages.

The exceptions assign error in the admission of certain evidence, error in the instructions given to the jury, and error in the court's refusal to grant a new trial, made on the ground that the verdict was unsupported by the evidence.

■ The plaintiff was permitted to testify that he owned a one-half interest in the mercantile business and filling station. This testimony was objected to on the ground that it was in violation of Section 692 of the Code. The exception raising this question is without merit.

The defendant was not sued in any representative capacity, nor did he come within any of the statutory disqualifications. He did not defend the action as executor,

administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of Mrs. Dryer. Hence the statute is not applicable here. *Lanter v. Southern States Life Ins. Co. of Alabama,* 114 S. C., 536, 104 S. E., 193; *Rapley v. Klugh,* 40 S. C., 134, 18 S. E., 680; *Norris v. Clinkscales,* 47 S. C., 488, 25 S. E., 797.

Error is assigned because the County Judge charged the jury that punitive damages might be awarded for humiliation and mental distress, and that actual damages could also be given for mental distress.

██ Mental pain and suffering in connection with a wrong, which apart from such pain and suffering constitutes a cause of action, is a proper element of actual damages where it is the natural and proximate consequence of the wrong. Where an allowance is made for mental pain and suffering, it is as an element of compensatory as distinguished from exemplary damages. *Johnson v. Western Union Tel. Co.,* 81 S. C., 235, 62 S. E., 244, 128 Am. St. Rep., 905, 17 L. R. A. (N. S.), 1002.

█ Exemplary or punitive damages are not given with a view to compensation, but are under certain circumstances awarded, in addition to compensation, as a punishment to the defendant and as a warning to other wrongdoers.

█ The instruction complained of, without clarification, could well have confused the jury, and might have resulted in double damages, and in our opinion constituted reversible error.

█ Error is assigned because the trial judge charged the jury: "The law does not allow speculative damages nor speculative profits * * * . You can take into consideration the profits that he made in the past, but not in the future, but in getting at the value of them you would have the right to consider profits in the past in getting at your verdict."

We think that the instruction as given was too general and too indefinite, especially when it is kept in mind that the plaintiff surrendered the business on January 3, 1945, and the alleged partnership terminated with the death of Mrs. Dryer, which occurred either on January 21st or February 21, 1945. The jury should have been instructed that no loss of profits could be considered except such as occurred between the surrender of the business and the death of Mrs. Dryer. The amount of recovery for loss of profits, if any, should have been limited to the dissolution of the partnership. The plaintiff testified that he made fifty dollars per month. In our opinion, the court erred in failing to instruct the jury as to the proper mode of estimating the loss of profits, which proximately resulted from the act complained of. *Charles v. Texas Co.*, 199 S. C., 156, 18 S. E. (2d), 719.

This error assumes a more serious aspect when it is considered that the record contains no evidence supporting the allegation that the defendant seized or appropriated the sum of $500.00 and the two pairs of pants which the plaintiff claims he lost; nor is there any evidence connecting the defendant with the loss of, or the pecuniary damage to any of the other specified items of personal property, except the stock of goods. From the verdict of the jury it is not possible to determine whether damages were awarded for the loss of one or more of these items of personal property.

In our opinion a new trial must be granted for the errors pointed out.

Judgment reversed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES STUKES, TAYLOR and OXNER concur.