16114

SHULER v. HEITLEY
(48 S. E. (2d) 801)

*Mr. W. B. Martin,* of Orangeburg, for Appellant.

*Mr. J. Stokes Salley,* of Orangeburg, for Respondent.

July 28, 1948.

TAYLOR, J.: This is the second time this Court has had this case for its consideration, the first being reported in 209 S. C. 198, 39 S. E. (2d) 360.

This action was brought by the plaintiff to recover damages in the sum of twenty-five hundred dollars ($2,500.00) for the alleged destruction of a mercantile business in which he claims a half interest and for the loss of certain personal property. Plaintiff alleges in his complaint that in February, 1942, he paid to Mrs. Elizabeth Dryer certain sums of money whereby he became owner of a half interest in the mercantile business which was owned and operated by her up to that time. He was to have board and lodging in the Dryer home, both parties to eat from the same table furnished from the store, and they were to divide equally the profits from the store. In December, 1944, Mrs. Dryer suffered a severe illness from which she died February 20, 1945. This action is based upon the allegations that on or about January 1, 1945, the defendant, Barrs Heitley, who is a son of Mrs. Dryer by a former marriage, entered the store at night after all the customers had left and demanded that plaintiff turn over to him all cash on hand and surrender to him the keys to the store building together with the contents thereof, whereupon plaintiff made inquiry as to by what authority he acted, and was told in a loud voice, "Nobody told me; I am doing this myself. This is my daddy's store and land and I am going to take charge of it, and you've got to get out." Upon plaintiff's failure to comply with defendant's demands, he was threatened with a knife, whereupon plaintiff drew his gun and ordered that defendant leave the store, which he did reluctantly, uttering threats. Knowing the defendant to be a dangerous character and fearing for his life because of the threats made by the defendant, plaintiff did not return to his

room or place of business until he did so accompanied by the magistrate and found the defendant in possession of the store and his personal belongings.

Defendant entered his answer setting up a general denial; further that he was acting as agent for his mother, who owned the entire business and who was then fatally ill, and that he did so after plaintiff, who was merely a clerk, refused to account for cash sales made, and that after his mother's death he turned over to the administrator of her estate all properties belonging thereto.

On January 3rd, plaintiff, being afraid to return to the store alone or to the home of Mrs. Dryer, where he had a room and kept his clothes, sought the aid of the local magistrate, who with the plaintiff on the next day, went to the home and store and recovered part of plaintiff's personal belongings. At the close of the testimony defendant made a timely motion for a directed verdict in his favor as to both actual and punitive damages, which was refused. The jury returned a verdict for the plaintiff in the sum of five hundred dollars ($500.00) actual damages and five hundred dollars ($500.00) punitive damages, whereupon defendant made a motion for a new trial which was refused.

Defendant now appeals to this Court upon exceptions which present several questions, and they will be considered in the order listed, the first two of which will be considered as raising the question of whether or not a cause of action was established by the evidence by showing that plaintiff suffered any loss as a natural consequence of defendant's tortious act. There was a conflict in much of the testimony, as in most cases of this sort, but it is undisputed that respondent was forced to flee from his place of business by appellant who admits that he took charge of the place and its contents. Respondent had just completed taking stock at the time and testified as to its value. The place of business was closed and no accounting has been made to respondent.

He took complete charge to the exclusion of the respondent and will not now be heard to say that such loss as respondent suffered was not a natural consequence of his wrongful acts. The evidence was sufficient to require the consideration of the Jury; therefore the first two exceptions are overruled.

Exception three poses the question of whether or not it was error to allow the plaintiff to introduce testimony to the effect that he was denied the use of his room at the Dryer home. The record discloses that plaintiff was assaulted with a knife at the store by the defendant, who then proceeded immediately to the house after uttering threats. Plaintiff testified that he knew that the defendant carried a gun and that he was afraind to return to this house . after being ordered away by defendant. This exception is therefore dismissed.

Appellant next contends that all of the testimony shows that plaintiff owned no interest in the place of business other than that he was receiving one-half of the profits for doing clerical work. We are unable to agree with appellant as plaintiff testified positively that he had just completed taking stock immediately preceding the difficulty and that the stock of goods was worth one thousand dollàrs ($1,000.00), and that he owned one-half interest therein.

Appellant next contends that there was error in the charge as to how the Jury should arrive at the amount of damages, but cites no specific statements to support his contention; however, should appellant be correct in this, we fail to see wherein he was prejudiced as the Jury awarded only five hundred dollars ($500.00) actual damages, and the testimony was to the effect that the stock of goods was worth one thousand dollars ($1,000.00), and plaintiff owned a one-half interest therein. The Jury's verdict for actual damages was therefore within the limits set forth by the testimony and this Court is unable to see wherein appellant was prejudiced.

Appellant abandons the sixth exception and considers seven, eight, and nine as raising the question: (a) Of whether or not the Court should have directed a verdict for the defendant at the conclusion of the testimony in that the testimony showed that defendant did not obtain possession of the store and stock of goods from the plaintiff, (b) the above motion having been refused, that it was error not to grant his motion for a new trial upon the same grounds. Plaintiff's testimony was to the effect that defendant unlawfully took physical possession of the store and stock of goods, and that he was never allowed to return thereto except with the magistrate when he recovered some of his personal belongings, such as clothes and some personal papers. We are of the opinion that these exceptions should be resolved against the appellant.

Appellant next contends that it was error not to be allowed to introduce evidence into the record of a claim filed in the Probate Court against the estate of Mrs. Dryer. This was an action in tort against the defendant Heitley and not against the estate of Mrs. Dryer; therefore, it was not error to exclude the proffered evidence in this trial.

This Court is of the opinion that all exceptions should be dismissed and the judgment of the lower Court affirmed, and it is so ordered.

BAKER, C.J., and FISHBURNE, STUKES, and OXNER, JJ., concur.