## 21494

Dudley Scott McKENZIE, by Guardian ad Litem, Howard E. McKenzie, Appellant, v. George McKENZIE, Jimmy McKenzie, Samuel Tony Knight, and the South Carolina Highway Department, Defendants, of whom South Carolina Highway Department is Respondent.

Benjamin D. McKENZIE, as Executor for the Estate of Euvena D. McKenzie, Appellant, v. George McKENZIE, Jimmy McKenzie, Samuel Tony Knight, and the South Carolina Highway Department, Defendants, of whom South Carolina Highway Department is Respondent. (two cases)

(279 S. E. (2d) 609)

462

*Katharine G. Herbert,* Lake City, *for appellants.*

*Atty. Gen. Daniel R. McLeod, Staff Atty. Grady L. Patterson, III,* and *Keith M. Babcock,* of *Barnes, Austin & Lightsey,* Columbia, *for respondent.*

June 18, 1981.

LITTLEJOHN, Justice:

Appellants Dudley Scott McKenzie and Benjamin E. McKenzie appeal from an order granting respondent's, S. C. Highway Department, motions to strike all language asserted as a basis for punitive damages from appellants' complaint. We affirm.

On April 15, 1979, Dudley McKenzie was injured and his mother Euvena McKenzie was killed in a two car accident on a state highway. Appellants sought damages from the Department alleging there was a defect in the shoulder of the road which contributed to the accident. The trial court granted the Department's motions to strike because of the doctrine of sovereign immunity.

A majority of this Court has consistently held the doctrine of sovereign immunity is the established policy of this State, and neither the State nor any of its agencies may be sued without the express consent of the legislature. *Hazard*

*v. S. C. State Highway Department,* 264 S. C. 386, 215 S. E. (2d) 438 (1975); *Morris v. S. C. State Highway Department,* 264 S. C. 369, 215 S. E. (2d) 430 (1975).

The other ground asserted is without merit and we affirm.

Affirmed.

LEWIS, C. J., and GREGORY, J., concur.

NESS and HARWELL, JJ., dissent.

NESS, Justice (dissenting):

I dissent for the reasons stated in *Belue v. City of Spartanburg,* S. C., ——— S. E. (2d) ———, Op. No. 21470, Smith's June 6, 1981; and in the dissents in *Morris v. S. C. State Highway Department,* 264 S. C. 369, 215 S. E. (2d) 420 (1975).

I would further hold there is no rational basis. *Sambs v. City of Brookfield,* 95 Wis (2d) 1, 289 N. W. (2d) 308, 316 (1979) is of critical importance in a just resolution of this appeal. In *Sambs,* the court struck down as unconstitutional a statutory scheme limiting liability similar to the one challenged here. The court held:

"The legislature is not free to impose whatever conditions it pleases with respect to actions against the state or any of its political subdivisions; 'once sovereign immunity has been waived, legislative enactments must conform to the equal protecton and due process guarantees of the state and federal constitutions.' Therefore, the legislature still possesses the power to impose ceilings. However, these ceilings shall not create improper classifications in violation of the state and federal constitutions."

Comparing the class established by § 57-5-1810, with those in § 57-17-860, § 5-7-70 and § 15-77-230, South Carolina Code (1976), it is clear there is no substantial difference between the classes, therefore, the limitations contained therein are unconstitutional.

The unconstitutionality of these artificial ceilings is best illustrated by the following examples. If a person is forced off the highway because of a defect, his recovery for personal injury or death is limited according to the location of the accident. If the injury occurred on a county highway, recovery is limited to $5,000. Section 57-17-860. If the injury occurred on a state highway, recovery is limited to $8,000. Section 57-5-1810. If it happened in a municipality, recovery is limited to $15,000. Section 5-7-70. There is absolutely no basis for these artificial classifications based solely on the location of the accident.

Moreover, if a person is injured by a government vehicle negligently operated in the course of business, the injured party may recover $10,000 for personal injuries. Section 15-77-230.

The limits imposed by the legislature in these code sections are arbitrary and capricious, they bear no rational relationship to a legitimate state interest and are unconstitutional.

I believe the courts must be available to all those similarly situated upon the same conditions, and where procedures are provided which are limited to some and not applicable to others under substantially like circumstances and there are no discernible rational reasons apparent for the variations they are unconstitutional under § 3 of Article I of the South Carolina Constitution.

I would reverse and remand.

HARWELL, J., concurs.