295 S.C. 49 (1988)
367 S.E.2d 150
Mayme W. MACMURPHY, Appellant,
v.
SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION; Paul Parrish, Jr., d/b/a Interstate Wrecker Service; Roger L. Wilson; and Rim Back Storage Company, Defendants, of whom South Carolina Department of Highways and Public Transportation is Respondent and Mayme W. MACMURPHY as Executrix of the Estate of H.E. Macmurphy, Jr., Appellant,
v.
SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION; Paul Parrish, Jr., d/b/a Interstate Wrecker Service; Roger L. Wilson; and Rim Back Storage Company, Defendants, of whom South Carolina Department of Highways and Public Transportation is Respondent.
22849
Supreme Court of South Carolina.
Submitted December 11, 1987.
Decided March 28, 1988.
*50 Julius W. McKay and Richard C. Detwiler, of Haynesworth, Marion, McKay & Guerard, Columbia, for appellant.
William U. Gunn and Robert M. Barrett, of Holcombe, Bomar, Wynn & Gunn, Spartanburg, for respondent.
Submitted Dec. 11, 1987.
Decided March 28, 1988.
Per Curiam:
Appellant Mayme W. Macmurphy appeals a circuit court decision granting respondent, South Carolina Department of Highways and Public Transportation's (Highway Department), motion to strike punitive damages. The circuit court ruled that punitive damages are not recoverable against an agency of the state. We affirm the decision of the circuit court.
Appellant and her husband, Herbert E. Macmurphy, Jr., exited Interstate 85 to access U.S. 221. As they proceeded onto U.S. 221, their automobile lost traction and stalled. A tractor-trailer operated by John A. Weaver collided with the Macmurphy's stalled vehicle and injured them. Mr. and Mrs. Macmurphy were taken to Spartanburg General Hospital where Mr. Macmurphy died four days later.
Prior to the Macmurphy's accident, a Rim Back Storage Company's tractor-trailer had jackknifed and spilled diesel fuel onto the exit ramp leading to U.S. 221. The Highway Department allowed the fuel to remain on the exit ramp, did not place warning signs along the roadway, or sand on the road. Appellant asserts that the respondent's negligence, recklessness and willfulness caused the accident.
Appellant avers that the trial court erroneously ruled that the Highway Department is immune from payment of punitive damages. Specifically, appellant asserts that actual and punitive damages are recoverable against a state agency *51 by virtue of this court's decision in McCall v. Batson, 285 S.C. 243, 329 S.E. (2d) 741 1985). McCall abrogated sovereign immunity but restricted recovery "in any case currently pending or in those filed on or before July 1, 1986," to the limits of the defendant's liability insurance coverage. Id., 329 S.E. (2d) at 743.
In support of her position, appellant argues that the overruling of McKenzie v. McKenzie, 276 S.C. 461, 279 S.E. (2d) 609 (1981), by McCall v. Batson, supra, permits a plaintiff to recover punitive damages from the state not in excess of its liability insurance coverage. We disagree. In McKenzie, this Court disallowed the recovery of punitive damages upon the ground of sovereign immunity. The McCall decision simply abolished sovereign immunity and did not address the issue of the recovery of punitive damages.
"[I]n the absence of statutory authority, there is no right to recover exemplary or punitive damages against a municipal corporation ... or state ..." See generally, 57 Am. Jur. (2d), Municipal, Etc., Tort Liability, § 318. Cf., Clarke v. City of Greer, 231 S.C. 327, 98 S.E. (2d) 751 (1957) (punitive damages against municipality nonrecoverable because municipality is merely agent of state for governmental purposes). Presently, there is no statute authorizing the recovery of punitive damages from the State of South Carolina or its agencies. There being no legislation or case law authorizing the recovery of punitive damages against the state or its agencies, we affirm the ruling of the circuit court.
Moreover, in the City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed. (2d) 616 (1981), the United States Supreme Court recognized that recovery of punitive damages against governmental entities are contrary to sound public policy because such awards would burden the taxpayers and citizens for whose benefit the wrongdoer is assessed punitive damages. Id., at 262, 101 S.Ct. at 2757. The principle of punitive damages is to "punish" the tortfeasor and to "deter" him from such conduct in the future. It is not clear that punitive damages will deter future misconduct or punish governmental tortfeasors since they are not personally liable for damages; therefore, such awards in all likelihood would have a nugatory effect.
*52 Appellant's remaining exception is affirmed pursuant to Supreme Court Rule 23.
Affirmed.
NESS, C.J., and GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.