T.C. Memo. 1999-124


UNITED STATES TAX COURT


NORRIS O. AND BETTY J. WHITLEY, Petitioners <u>v</u>. COMMISSIONER OF
INTERNAL REVENUE, Respondent


Docket No. 12947-97.              Filed April 15, 1999.


        P commenced a lawsuit in 1987, alleging that the
defendant was liable to him for breach of contract and
conversion.  As to the conversion claim, the jury
awarded P actual and punitive damages.  P received the
punitive damages in 1992.  P argues primarily that sec.
104(a)(2), I.R.C., excludes the punitive damages from
his gross income because, he states, punitive damages
are awarded under applicable State (South Carolina) law
as compensation for a personal injury.  P directs the
Court to numerous cases where the South Carolina
Supreme Court has stated that South Carolina law allows
an award of punitive damages to "vindicate a private
right" and that this right is compensatory in nature.
        <u>Held</u>:  The punitive damages are not excludable
from P's gross income under sec. 104(a)(2), I.R.C.,
because punitive damages are noncompensatory under
applicable law.  Although the ultimate effect of a
punitive damage award made under South Carolina law is
compensatory in nature, such an award does not have a
compensatory purpose in the sense of reimbursing the
plaintiff for actual damages.

James Richard Cox, for petitioners.

Jeanne Gramling, for respondent.


MEMORANDUM OPINION

LARO, Judge: This case is before the Court fully stipulated. See Rule 122. Norris O. and Betty J. Whitley petitioned the Court to redetermine deficiencies of $75,694 and $263 in their 1992 and 1993 Federal income tax, respectively. Following petitioners' concessions, we must decide whether their 1992 gross income includes $250,000 in punitive damages that they received during 1992. We hold it does. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for 1992. Rule references are to the Tax Court Rules of Practice and Procedure. Although Betty J. Whitley is a copetitioner, we hereinafter refer to Norris O. Whitley as the sole petitioner.

## Background

All facts have been stipulated and are so found. The stipulation of facts and exhibits submitted therewith are incorporated herein by this reference. Petitioner and Betty J. Whitley are husband and wife. They filed joint 1992 and 1993 Federal income tax returns. They resided in Sumter, South Carolina, when they petitioned the Court.

Petitioner began working as an agent for Academy Life Insurance Company (Academy) in the late 1970's. He worked for it

as an independent contractor under a contract between the two. Academy fired him in July 1986. When it did, it was contractually obligated to pay him renewal commissions on policies that he or an agent under his supervision had sold. After his firing, Academy remitted to him reduced monthly commissions. It also stopped sending to him the paperwork documenting his commissions.

In September 1987, petitioner sued Academy for breach of contract and conversion, praying in his complaint for an award of actual and punitive damages. Petitioner alleged that Academy was liable to him for: (1) An unlawful termination of contracts with resulting failure to pay money due thereunder (breach of contract and conversion), (2) unfair trade practices (also seeking treble damages and attorney's fees), (3) a termination of resident counselor status, (4) a failure to pay commissions, and (5) the fraudulent filing of Federal tax forms reporting income not paid to him. Following a jury trial, the United States District Court hearing the case directed a verdict against Academy for breach of contract and sent the issues of conversion and resulting damages to the jury. The judge instructed the jury as follows with respect to punitive damages:

> The plaintiffs [petitioner and another person not relevant herein] are also seeking punitive damages in their conversion cause of action.

> The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrong-doer for some extraordinary misconduct, and to serve as a warning not to engage in such conduct in the future.

Thus, if you find that the plaintiffs have shown by a preponderance of the evidence, that the defendant converted the plaintiffs' money with malice, ill will, a conscious indifference to the rights of others, or a reckless disregard for the rights of others, you may award the plaintiffs punitive damages.

If you so find, it becomes your right to award punitive damages in such an amount as you unanimously agree to be proper in light of the character of the wrong committed, the punishment which should be applied, and the ability of the defendant to pay.

The jury found against Academy on the conversion claim and awarded $25,390 in actual damages for unpaid commissions and $250,000 in punitive damages, together with interest and costs. That verdict was affirmed upon appeal.

Academy paid $250,000 in punitive damages to petitioner in 1992. Petitioner did not report any of this amount on his 1992 Federal income tax return.

## Discussion

We must decide whether petitioner received the punitive damages on account of a personal injury. To the extent that he did, the funds are excludable from his gross income. See sec. 104(a)(2). To the extent that he did not, the funds are includable in his gross income. See sec. 61(a). Because respondent determined that the punitive damages are includable in petitioner's gross income, petitioner must prove otherwise. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Petitioner concedes that his gross income includes the actual damages of $25,390 which were awarded to him for unpaid commissions. As to the punitive damages, petitioner argues that

these damages are excludable from his gross income under section 104(a)(2). Petitioner asserts that he received the punitive damages on account of his claim of conversion, which, he states, is a tort under applicable State (South Carolina) law, and that he received the punitive damages on account of a personal injury. Petitioner asserts that South Carolina law provides that punitive damages are compensatory in nature in that they reimburse a plaintiff for personal injury. Respondent agrees with petitioner's characterization of conversion as a tort under South Carolina law but asserts that the punitive damages were not paid to petitioner on account of a personal injury. Respondent asserts that Academy paid the punitive damages to petitioner on account of its reprehensible behavior.

We agree with respondent that the punitive damages are not excludable from petitioner's gross income under section 104(a)(2). Section 104(a)(2) sets forth a narrowly construed provision under which proceeds from a lawsuit are excluded from gross income to the extent: (1) The cause of action underlying the recovery of the proceeds is based upon tort or tort type rights, and (2) the proceeds are received on account of a personal injury or sickness.[1] That section is inapplicable when

---

[1] Sec. 7641(a) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2379, amended sec. 104(a)(2) to provide that the personal injury exclusion contained therein does not apply where the punitive damages are received in connection with a case not involving physical injury or physical sickness. This amendment does not apply herein. Id. (amendment inapplicable to any lawsuit filed before July 10, 1989).

either requirement is not met.  See sec. 104(a)(2); Commissioner v. Schleier, 515 U.S. 323, 336-337 (1995); United States v. Burke, 504 U.S. 229, 233 (1992); sec. 1.104-1(c), Income Tax Regs.

In O'Gilvie v. United States, 519 U.S. 79 (1996), the Supreme Court held that section 104(a)(2) did not reach punitive damages which were awarded under Kansas law to the taxpayers, the husband and two children of a woman who died of toxic shock syndrome.  The taxpayers had recovered those damages in a tort action filed against the maker of a product that caused the decedent's death.  The Court held that the taxpayers did not receive the punitive damages on account of personal injury because the damages were not awarded as compensation for the injury suffered by them or by the decedent but to punish and deter the tortfeasor's reprehensible conduct.  See id.

Petitioner recognizes the holding in O'Gilvie v. United States, supra, but argues that it is inapplicable.  First, petitioner states, South Carolina law provides that punitive damages are compensatory in nature, whereas Kansas law provides that punitive damages are entirely punitive.  Second, petitioner states, the fact that many decisions prior to O'Gilvie were inconsistent with the decision there requires that we apply O'Gilvie prospectively.  Petitioner makes a similar argument for a prospective application of Commissioner v. Schleier, supra, and United States v. Burke, supra.

We disagree with petitioner's assertion that Academy paid him the punitive damages on account of a personal injury. The award of punitive damages to him was not paid on account of a personal injury to the extent that the damages are noncompensatory in nature. See O'Gilvie v. United States, supra. Whether the damages are noncompensatory in nature rests on applicable State law, see Bagley v. Commissioner, 105 T.C. 396, 417 (1995), affd. 121 F.3d 393 (8th Cir. 1997), which, in this case, is the law of South Carolina. Under South Carolina law, an award of punitive damages is based upon the defendant's wrongdoing, rather than the extent of the plaintiff's injury; an award of compensatory damages, on the other hand, is based upon the extent of the plaintiff's injury, rather than the defendant's wrongdoing. See South Carolina Farm Bureau Mut. Ins. Co. v. Love Chevrolet, Inc., 478 S.E.2d 57, 59 (S.C. 1996) (a claim for punitive damages may go to the jury only if "the defendant's conduct rises to the level of culpability warranting a punitive damage award"); Laird v. Nationwide Ins. Co., 134 S.E.2d 206, 210 (S.C. 1964) (quoting Bowers v. Charleston & W. C. Ry. Co., 42 S.E.2d 705 (S.C. 1947) ("compensatory damages are damages in satisfaction of * * * loss or injury sustained. Punitive damages are allowed in the interest of society in the nature of punishment and as a warning and example to deter the wrongdoer and others from committing like offenses in the future.")); see also Clark v. Cantrell, 504 S.E.2d 605, 609 (S.C. Ct. App. 1998) (punitive damages are not compensatory in nature under the law of

South Carolina) (citing Hubbard & Felix, Comparative Negligence in South Carolina: Implementing Nelson v. Concrete Supply Co., 43 S.C. L. Rev. 273, 314 (1992)).[2]  Punitive damages serve under South Carolina law to punish the defendant and to deter unacceptable behavior.  See Gamble v. Stevenson, 406 S.E.2d 350, 354 (S.C. 1991); Macmurphy v. South Carolina, 367 S.E.2d 150, 151 (S.C. 1988); Laird v. Nationwide Ins. Co., supra at 210; Bowers v. Charleston & W. C. Ry., supra; see also Gilbert v. Duke Power Co., 179 S.E.2d 720, 723 (S.C. 1971) (citing Davenport v. Woodside Cotton Mills Co., 80 S.E.2d 740 (1954) (punitive damages serve to punish a wrongdoer when the plaintiff proves that the wrongdoer violated the plaintiff's rights in a "wanton, willful or malicious" way).  Punitive damages do not serve under South Carolina law to reimburse a victim for actual damages.  See Laird v. Nationwide Ins. Co., supra at 210; Bowers v. Charleston & W. C. Ry., supra; cf. Kewin v. Massachusetts Mut. Life Ins. Co., 295 N.W.2d 50, 55 (Mich. 1980) (In Michigan, exemplary damages are recoverable as compensation to the plaintiff, not as punishment of the defendant); Doroszka v. Lavine, 150 A. 692, 692-693 (Conn. 1930)("in this state the purpose [of punitive damages] is not to

---

[2] We are mindful that we are bound only by the decisions of the South Carolina Supreme Court in construing the law of that State.  See Commissioner v. Estate of Bosch, 387 U.S. 456, 465 (1967).  The opinion in Clark v. Cantrell, 504 S.E.2d 605 (S.C. Ct. App. 1998), is helpful to our understanding of South Carolina law as construed by the South Carolina Supreme Court.

punish the defendant for his offense but to compensate the plaintiff for his injuries").

Petitioner observes that the South Carolina Supreme Court has stated repeatedly that punitive damages may also be awarded to "vindicate a private right" and that this vindicative quality adds a compensatory purpose. See, e.g., Harris v. Burnside, 199 S.E.2d 65, 68 (S.C. 1973); Hughey v. Ausborn, 154 S.E.2d 839, 844 (S.C. 1967)(Brailsford, J., concurring); Hicks v. Herring, 144 S.E.2d 151, 155 (S.C. 1965); Rogers v. Florence Printing Co., 106 S.E.2d 258, 261 (S.C. 1958); Mock v. Atlantic C. L. R. Co., 87 S.E.2d 830, 840 (S.C. 1955); Davenport v. Woodside Cotton Mills Co., supra at 743; Hull v. Seaboard Air Line Ry., 57 S.E. 28, 29 (S.C. 1907); Beaudrot v. Southern Ry., 48 S.E. 106, 107 (S.C. 1904); Griffin v. Southern Ry., 43 S.E. 445, 447 (S.C. 1903); Watts v. South Bound R.R., 38 S.E. 240, 242 (S.C. 1901). By virtue of these statements, petitioner concludes, punitive damages are compensatory in nature under South Carolina law. We disagree. We do not understand the South Carolina Supreme Court to have used the verb "vindicate" to mean "compensate". See Shuler v. Heitley, 39 S.E.2d 360, 361-62 (S.C. 1946); see also Clark v. Cantrell, supra at 609. See generally 22 Am. Jur. 2d Damages secs. 3, 23-24, 731, 733 (1988) (different functions of compensatory and punitive damages). As we understand the court's use of the latter verb, it describes the ultimate effect of punitive awards as a form of remedy. To this end, we have found no case where the South Carolina Supreme Court has used the verb

"vindicate" to describe a compensatory purpose for punitive damages in the sense of reimbursing a victim for an actual loss. See Clark v. Cantrell, supra at 609.  As a matter of fact, the South Carolina Supreme Court has stated specifically that "punitive damages are not given with a view to compensation, but * * * in addition to compensation".  Shuler v. Heitley, supra at 361-362.  The court has also stated:

> Compensatory damages relate mainly to the situation of the injured party, the plaintiff generally.  But he should not receive, nor should he be entitled to obtain, thereby more than sufficient recompense for his injuries- just enough to restore him to his former position, a sum only to make him whole. He, and he alone, usually is particularly affected in that regard.

> Exemplary damages have relation to the injured party in only one respect, to vindicate his right, recklessly, willfully, maliciously, or wantonly invaded. They relate more to the situation of the wrongdoers, the defendants, usually. One of the chief purposes in awarding damages of this class is to punish the wrongdoer, not only to prevent by him a recurrence of the wrongful act, but to deter others from conduct of the same or similar kind.  They are not intended for the sole good of the injured party.  And not for the improvement of the disposition and character alone of the willful tort-feasor is it that our law has looked with favor upon the assessment of punitive damages under certain circumstances.  But the object is to protect every man, woman, and child from those who consciously disregard the rights of their fellows. * * *  [Johnson v. Atlantic Coast Line R. Co., 140 S.E. 443, 447 (S.C. 1927).]

According to the South Carolina Supreme Court, factors to consider in passing on a punitive damage award under the law of that State include:  (1) The character of the tort committed, including the wrongdoer's degree of recklessness, (2) the punishment which should be meted out, bearing in mind that

punitive damages are meant to punish the defendant, or to deter or stop him or her and others from similar conduct in the future, and (3) the ability of the wrongdoer to pay.  See Gamble v. Stevenson, supra at 354; Hicks v. Herring, supra at 155; Fennell v. Littlejohn, 125 S.E.2d 408 (S.C. 1962).  The fact that South Carolina law measures an award of punitive damage by the financial status of the wrongdoer, see South Carolina Farm Bureau Mut. Ins. Co. v. Love Chevrolet, Inc., 478 S.E.2d 57 (S.C. 1996); McCourt v. Abernathy, 457 S.E.2d 603, 608 (S.C. 1995); Gamble v. Stevenson, supra at 354; Reid v. Kelly, 262 S.E.2d 24 (1980); Hicks v. Herring, supra at 155, adds to our belief that a punitive damage award under that law is tied directly to inflicting punishment upon the defendant, rather than compensating the plaintiff for his or her loss.  South Carolina law also provides no formula under which punitive damages are to be measured, leaving the amount of a punitive damage award up to the judgment and discretion of the jury, subject, of course, to the power held by a trial judge to change the jury's verdict. See Gilbert v. Duke Power Co., 179 S.E.2d 720, 723 (S.C. 1971). The amount of the award, therefore, lacks any direct nexus to the extent of the personal injury suffered by the plaintiff on account of the defendant's wrongdoing.

Nor do we agree with petitioner's argument that the trilogy of O'Gilvie v. United States, 519 U.S. 79 (1996), Commissioner v. Schleier, 515 U.S. 323 (1995), and United States v. Burke, 504 U.S. 229 (1992), should be applied only prospectively.

Although petitioner states correctly that one or more courts had adopted positions that were ultimately rejected by the U.S. Supreme Court in deciding those cases, that does not mean, as petitioner asks us to hold, that we should apply the prior positions in lieu of the high Court's decisions. According to a recent mandate of the Court on the retroactive effect of its decisions:

> When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.  * * *  [Harper v. Virginia Dept. of Taxation, 509 U.S. 86, 97 (1993).]

We apply the Supreme Court's decisions in O'Gilvie, Schleier, and Burke to hold that petitioner's punitive damages are includable in his gross income.  In so holding, we have considered all arguments made by petitioner and, to the extent not discussed above, find them to be without merit.  To reflect the foregoing,

Decision will be entered

for respondent.